CHARLES SANDERS et al. v. STATE.

No. A.-6801. Opinion Filed October 5, 1929.
(281 Pac. 595.)

W. R. Withington, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter referred to as the defendants, were charged with the possession of intoxicating liquor, with the unlawful, willful, and wrongful intent to barter, sell, give away, and otherwise furnish to others; were tried and convicted, and each sentenced to pay a fine of $250, and to be confined in the county jail for a period of three months; from the judgment the defendants perfected the record, and have appealed to this court.

Erling Barker, called as a witness on behalf of the state, testified in substance as follows:  That he was a federal prohibition officer, had been working since the 13th day of December, 1926, and was such officer on the 19th day of February, 1927." I knew the defendants, Farley Wilson and Charles Sanders, saw them on the 19th day of February, 1927, at a little root beer stand at 119A South Robinson street, in Oklahoma City, Oklahoma.  Orville Snooks and I was driving by their place and saw Farley Wilson come from their place of business to this place in the doorway just south of the beer joint.  I saw Charles Sanders go from the beer stand to the abandoned stairway just south of it in the brick building; when he came out he was carrying something under his coat; I don't remember just the position it was in; it was in a concealed manner; he was in his shirt sleeves; each time Farley Wilson was making trips either toward or from the stairway people were in the place of business."

On cross-examination the witness stated they had a search warrant for 119A South Robinson street, and also had a search warrant for a stairway which was near this place of business.  Witness further stated they found whisky in the stairway adjoining the place of business where the defendants were operating, but he never saw

any of the whisky in possession of these defendants; they searched the place of business of defendants, and did not find any whisky; when they went to the place of business of the defendant, Sanders was out working on a car about a half block from the place of business, and that he started to leave; while they searched the place of business, Sanders was out in front; Farley Wilson was at 119A South Robinson street, and that it was a soda pop joint; when they arrested Sanders and Wilson, they had no warrant for their arrest, but, when they went to search their place of business they searched the person of both of these defendants; they had a search warrant for their place of business, and also a search warrant for the stairway adjoining their place of business; the search warrants were introduced in evidence, but did not command the officers to search the persons of these defendants, and, on one of them they found a half pint, and on the other about half of a half pint of whisky. All of this testimony was introduced over the objection of the defendants.

Orville Snooks testified in substance the same as Erling Barker, and the same objections to the testimony of Snooks was interposed by the defendants as were interposed to the testimony of Erling Barker, to the questions of the general reputation of the place of business of the defendants, and on searching of the persons of the defendants without a warrant of arrest, and without a search warrant commanding them to search the persons of the defendants. All the witnesses admit no whisky was found at 119A South Robinson street, but that the whisky they allege to have found under the terms of the search warrant was in a stairway near the place of business of the defendants, and they claim they saw the defendants going back and forth to this stairway, and it

looked like they were carrying something concealed on their person. The whisky claimed to have been found in the stairway by the officers and the whisky taken from the persons of the defendants was introduced over the objections of the defendants.

At the close of the evidence, the defendants Farley Wilson and Charles Sanders "moved the court to strike out all the evidence regarding the search of the person of said defendants and what was found on them at the time they were arrested, for the reason that it was incompetent, irrelevant and immaterial, and was an illegal search and seizure, the officers not having any search warrant to search the defendants or either of them, and the search having taken place before the defendants were placed under arrest. The search being on suspicion only and not a legal search of the persons of the defendants or either of them," which motion was by the court overruled, and the defendants excepted. The defendants then moved the court to advise the jury not to consider the evidence with reference to the search of the persons of the defendants or either of them, for the reason that the same was an illegal search, which motion was overruled and the defendants excepted. The defendants then moved the court to advise the jury to acquit the defendants, for the reason that the evidence is not sufficient to sustain the charge set out in the information, or tending to show the commission of any offense by the defendants, or either of them. This motion does not seem to have been ruled on by the court.

Eight errors alleged to have been committed in the trial of their case have been assigned by the defendants.

"1. The court erred in overruling the plaintiffs in error's motion for a new trial, to which the plaintiffs in error duly excepted.

"2.    The verdict of the jury was contrary to law.

"3.    The verdict of the jury was contrary to and not supported by the evidence.

"4.    Error of the court in refusing to sustain the plaintiffs in error's motion to advise the jury to acquit them.

"5.    Error of the court in holding that the search of the person of the plaintiffs in error, Charles Sanders, was legal, and in failing to strike said evidence on motion of the plaintiffs in error.

"6.    Error of the court in admitting certain incompetent and immaterial evidence, over plaintiffs in error's objections and exceptions."

The six errors assigned by the defendants and herein set out all relate to the same question, and that is, the error of the court in admitting the evidence, over the objections of the defendants, to the search of their persons.

The defendants insist that the testimony with reference to the searching of their persons and what was found thereon was improperly admitted, and that upon their objection it should have been excluded from the jury, for the reason that the officers did not contend they saw the defendants committing an offense, but that their action in securing the search warrant and searching the defendants was based upon a suspicion that the defendants were in possession of whisky and were selling the same. They admit that up until the time they secured the search warrant and searched the place of business of the defendants they had not seen these defendants, or either of them, in possession of any whisky; their only contention being their actions were suspicious and they believed they were handling whisky.

In Graham v. State, 31 Okla. Cr. 125, 237 Pac. 462, 463, in the second and fifth paragraphs of the syllabus, the court said:

"2. Where the officer does not know of the act constituting the offense, it is not committed in his 'presence'."

"5. No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, and Sowards v. State, 37 Okla. Cr. 431, 259 Pac. 157, the court cited with approval the case of Graham v. State, supra.

The defendants contend that the search of their persons by the officers was illegal, for the reason that the officers had not seen them commit an offense, nor did they have a warrant to search their persons or to arrest them; and that the search of their persons and their arrest was illegally made, and the admission of the testimony of what was found upon their persons was prejudicial to their rights; that their objection to the admission of the testimony as to what was found on their persons should have been sustained by the court. The search of defendants' persons without a search warrant and without a warrant of arrest, in the absence of defendants committing an offense in the presence of the officers, was illegal and was prejudicial to the rights of these defendants.

In Skinner v. State, 44 Okla. Cr. 271, 280 Pac. 851, this court said:

"At the time charged, certain officers procured a search warrant for the search of lots 15 and 16, block 23, in the town of Kaw City. With this warrant they went to the place, which was a hotel, met defendant on the front porch, and proceeded to search him, and found on his person two half pints and one pint of whisky. On searching the premises nothing else was found. The officers had no search warrant for defendant's person and did not arrest him until after the search of his person."

Section 30, art. 2, of the state Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizure shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The court further said:

"The search of the person of an individual without a warrant, and not as an incident to a lawful arrest, violates in the most aggravated form the terms of the Constitution above quoted."

The testimony admitted over the objection of the defendants of the search of their persons was improper. No one can tell what the verdict of the jury would have been had this improper testimony been excluded. The court erred in overruling the objections of the defendants to this testimony.

For the reasons stated, the judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.