STATE OF INDIANA *v.* NOZANICH.

[No. 26,195.   Filed October 29, 1934.]

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

*B. A. Lucas,* for appellee.

ROLL, J.—This was a criminal prosecution against appellee by affidavit charging her with the unlawful possession of intoxicating liquor, filed in the city court of Gary, Indiana, and refiled upon appeal in the Criminal Court of Lake county.

Appellee filed a motion to suppress and reject certain evidence which was sustained by the court. Defendant upon the trial was acquitted and the State appealed.

Appellee's motion to suppress the evidence was based upon the contention that the search warrant was illegal and void for the reason that the search warrant was issued on the 6th day of January, 1932, but was not served until the 20th day of January and that said warrant did not give the officers a right to search the

person of the defendant. That no liquor was found on the premises and the only liquor found was on the person of the defendant.

The evidence adduced at the hearing shows that the search warrant here in question was issued on January 6, 1932, but was not served until January 20, 1932, fourteen days after the warrant was issued. From the evidence produced at the hearing on appellee's motion to suppress it appears that a quart of moonshine whiskey was found on the premises described in the search warrant. There was no evidence at this hearing that the liquor was taken from the person of the defendant but the police officer, and the defendant also, testified that the liquor was found on the premises. The court sustained appellee's motion to suppress all the evidence obtained by the search warrant.

The statute of Indiana authorizing the issuance of the search warrant, §2746, Burns 1926 (Acts 1925 p. 144, §31), provides in part as follows:

". . . All such search warrants shall be served by the officer to whom the same may be delivered within twenty days from the receipt thereof and returned to the court which issued the same."

Under the federal statute, it becomes the duty of the officer to execute the same within ten days. Mason's Code, 1926, Title 18, §620. Under some state statutes he is required to execute it forthwith. Where no period is provided in the statute during which the warrant shall be executed, it must be done within a reasonable time. Inasmuch as the search warrant in the instant case was served and return made within the time fixed by statute the search was valid and the evidence obtained thereby should not have been suppressed or rejected.

Upon the trial of the case the evidence shows without contradiction that no liquor was found upon the

premises. The evidence, in substance shows that two officers went to the premises occupied by appellee about nine o'clock in the evening on January 20, 1932, and knocked at the door at the side entrance. Appellee asked who was there and one of the officers replied that it was the police, and that they had a search warrant for the premises. She told them to go to the front door and she would let them in. One of the officers went to the front door and the other officer remained at the side entrance and observed the movements of appellee. Appellee sent her small daughter to the front door to admit the police officers while she went to her bedroom and removed a quart bottle from under a pillow and concealed it beneath her clothing. The officers, after they entered the house, made a search of the premises, but found no liquor. Afterwards (the record does not disclose how long) appellee was searched at the police station by the police matron and a quart bottle of moonshine whiskey was removed from the person of appellee, and from underneath her clothing. The record does not disclose why appellee was at the police station; whether on account of the facts above stated or for some other reason, or that appellee was under arrest at the time and the search of her person was made in pursuant to a lawful arrest.

At the close of the state's evidence appellee moved to strike out all the testimony of the two police officers and the court sustained the motion. Appellant, by his assignment of error, challenges this action of the court.

As above stated the search of appellee's premises was valid and lawful and the officers making the search were not trespassers on appellee's property as they were there by virtue of a valid search warrant. Any evidence thus obtained was competent. But no evidence was obtained by the search of the premises in pursuant to the search warrant. The

evidence which the state offered in evidence was the evidence obtained by the search of the person of appellee at police headquarters by the police matron. From what appears in the record the police officers might have been justified in arresting appellee without a warrant, on the ground that she committed a misdemeanor in their presence, and after the arrest, the search of her person would have been justified and any evidence thus obtained would have been competent at the trial. But such is not the record in this case. Appellant does not question the correctness of the court's ruling, except on the ground that the search warrant was valid. The state is in error in assuming that the evidence of the police officers stricken out by the court was evidence obtained by virtue of the search warrant. The state does not anywhere attempt to justify the search of the person of appellee. The search warrant authorizing a search of the premises in the absence of a statute so authorizing it could give no right to search the person of appellee. *Burnside* v. *State* (1926), 144 Miss. 405, 110 So. 121; *Sanders* v. *State* (1929), 44 Okla. Cr. 438, 281 Pac. 595; *State* v. *Grames* (1878), 68 Maine 418; *Purkey* v. *Maybey* (1920), 33 Idaho 281, 193 Pac. 79.

For the above reasons it is our judgment the court did not err in striking out the above testimony.

This appeal is not sustained.