Willie O. CAUDLE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0008–CR–546.

Court of Appeals of Indiana.

June 4, 2001.

Hilary Bowe Ricks, Indianapolis, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

Willie O. Caudle ("Caudle") appeals his conviction for dealing in cocaine, a class A felony.[1] Caudle raises one issue, which we expand and restate as:

1. whether the trial court erred in denying Caudle's motion to suppress evidence because the supporting affidavit provided insufficient probable cause to justify the issuance of a search warrant for the residence; and

2. whether the trial court erred in denying Caudle's motion to suppress because the search warrant was stale by the time it was executed.

We affirm.

The facts most favorable to the conviction follow. In early July 1999, a confidential informant ("CI") told Indianapolis Police Detective Douglas Cook that crack cocaine was being sold from a house at 1114 S. Harlan Street by a man named "Snowbird," a.k.a. Columbus Caudle ("Columbus"). On July 9, Detective Cook took the CI to that house to complete a controlled buy. Both before and after the CI entered the house, Detective Cook searched the CI for money, drugs and contraband. The CI went to the house with only money and returned with only cocaine. The CI stated that Columbus sold the cocaine. Based on this evidence, on July 9, 1999, Detective Cook filed a probable cause affidavit to request a search warrant for the house at 1114 S. Harlan Street and for Columbus. A magistrate issued the search warrant later that same day.

Over the next nine days, Detective Cook conducted surveillance on the house, but he never saw Columbus at the residence. In addition, during those nine days, Detective Cook attempted other controlled buys from the house, but another buy from Columbus did not occur because apparently Columbus was never there. However, on July 16, Caudle, who was in his car outside the residence, offered to sell powdered cocaine to the CI, who inexplicably did not purchase the drugs.

---

1. Ind. Code § 35–48–4–1.

On July 19, the tenth day following the issuance of the search warrant, Detective Cook executed the search warrant at approximately six o'clock in the morning. During the search, officers found 12.4 grams of cocaine under the mattress of the bed where Caudle had been sleeping and found handguns and drug paraphernalia elsewhere in the bedroom.

Caudle was charged with dealing in cocaine as a class A felony, possession of cocaine as a class C felony,[2] and possession of cocaine and a firearm as a class C felony.[3] Before his trial, Caudle filed a motion to suppress the cocaine and the handguns. The trial court denied Caudle's motion. A jury convicted Caudle of all three charges. The trial court judge entered judgment of conviction only on dealing in cocaine as a class A felony and sentenced Caudle to forty years incarceration.

■ Our standard of review for the denial of a motion to suppress evidence is similar to other sufficiency issues. *Taylor v. State*, 689 N.E.2d 699, 702 (Ind.1997). We determine whether substantial evidence of probative value exists to support the trial court's denial of the motion. *Id.* "We do not reweigh the evidence and we consider conflicting evidence most favorably to the trial court's ruling." *Id.* However, this review is different from other sufficiency matters because we must also consider uncontested evidence that is favorable to the defendant. *Methene v. State*, 720 N.E.2d 384 (Ind.Ct.App.1999).

### I.

■ The first issue is whether the trial court erred in denying Caudle's motion to suppress evidence because the supporting affidavit provided insufficient probable cause to justify the issuance of a search warrant for the residence. The magistrate who originally issued the search warrant was to have made " 'a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime [would] be found in a particular place.' " *Jaggers v. State*, 687 N.E.2d 180, 181 (Ind.1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). When we review the sufficiency of the evidence in an affidavit, we review *de novo* the trial court's decision to uphold the magistrate's determination of probable cause. *Houser v. State*, 678 N.E.2d 95, 98 (Ind.1997). However, we give "significant deference" to the magistrate's decision that probable cause existed. *Id.* at 99. When deciding whether there was a " 'substantial basis' " for deciding that probable cause existed, we " 'focus on whether reasonable inferences drawn from the totality of the evidence support the determination'[.]" *Jaggers*, 687 N.E.2d at 181–182 (quoting *Gates*, 462 U.S. at 238–239, 103 S.Ct. at 2332, and *Houser*, 678 N.E.2d at 99). In addition, our decision must be based only upon the evidence presented to the issuing magistrate, not on justifications for the search that were offered after the search occurred. *Jaggers*, 687 N.E.2d at 182.

The probable cause affidavit in question provided, in pertinent part:

> **Detective Douglas L. Cook, Police Officer, SWEARS [OR] AFFIRMS THAT HE BELIEVES AND HAS GOOD CAUSE TO BELIEVE:** that a controlled substance, to wit: Cocaine, an extract of the coca plant, the possession of which is unlawful, is being kept, used and sold from the residence located at

---

**2.** Ind. Code § 35–48–4–6.

**3.** *Id.*

1114 S. Harlan St., Indianapolis, Marion County, Indiana and said residence is under the control of a B/M identified as Columbus Caudle, 54 years of age, DOB 11–12–44, SSN . . . .

This affiant bases his belief on the following information: that within the past seventy-two (72) hours of July 9, 1999, a confidential informant came personally to this affiant. The confidential informant was searched for illegal contraband, drugs, and U.S. Currency. Upon said search, no illegal contraband, drugs or U.S. Currency were found on the said informant. Then the confidential informant was provided by this affiant with U.S. Currency. This affiant followed the confidential informant to 1114 S. Harlan St., Indianapolis, Marion County, Indiana, and personally observed the confidential informant go to the residence, knock and was admitted into the residence. Said informant stayed inside the residence (5) minutes, and said informant exited the residence and returned to this affiant. Said informant handed this affiant a quantity of suspected Cocaine which, when tested, proved to be positive for cocaine. Said informant was again searched and no illegal contraband, drugs, or U.S. Currency was found. Said informant is confidential in that revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the informant.

Based upon the above information, I am requesting a search warrant be issued for the residence . . . .

I further request this search to include the person of a Columbus Caudle . . . and the residential curtilage.

Record, p. 165.

Caudle alleges that the affidavit was insufficient in a number of respects. He claims that the evidence in the affidavit fails to satisfy the requirements of Ind. Code § 35–33–5–2(b) because the affidavit does not inform the magistrate about the reliability of the confidential informant. Caudle also claims that Detective Cook's description of the controlled buy was insufficient to support probable cause under *Methene,* 720 N.E.2d 384.[4]

Ind.Code § 35–33–5–2 provides, in pertinent part:

> (b) When based on hearsay, the affidavit must either:
>
> > (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or
> >
> > (2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Here, contrary to Caudle's allegation, the affidavit is not based on hearsay. Instead, it is based on the personal observations of Detective Cook, who took the CI to make a

---

**4.** Three-quarters of the way through his argument regarding this issue, Caudle claimed, in passing, that "the right to be free from unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Article One, Section Eleven of the Indiana Constitution requires that more than bare assertions be submitted to support the issuance of a warrant." Appellant's brief, p. 12. However, Caudle provides neither the text of those constitutional provisions nor separate argument regarding why Detective Cook's affidavit was insufficient to satisfy the requirements of those constitutional provisions. Consequently, Caudle has waived review of those provisions, and we address only whether the affidavit was sufficient under the statute that Caudle quoted and provided argument for: Ind. Code § 35–33–5–2. *See, e.g., Whitehead v. State,* 511 N.E.2d 284, 293–294 (Ind.1987), *cert. denied,* 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988).

controlled buy from the house at 1114 S. Harlan Street. Record, p. 165. As a result it was not necessary for Detective Cook to state facts supporting the reliability of the CI as required by Ind. Code § 35–33–5–2(b) in order for the search warrant to be valid. *See Mills v. State,* 177 Ind.App. 432, 434–435, 379 N.E.2d 1023, 1025–1026 (1978), *cited with approval in Haynes v. State,* 431 N.E.2d 83, 86 (Ind.1982).

In addition, the affidavit here is distinguishable from the affidavit found insufficient to support probable cause in *Methene,* 720 N.E.2d 384. In *Methene,* the attesting officer did not provide any details about the drug buy that would have allowed the magistrate to make an informed decision that a "controlled" buy had occurred. *Id.* at 390. Such details include whether the CI was searched before and after the buy, and whether the officer watched the CI go to and come from the home. *Id.* Here, on the other hand, the affidavit clearly provides all of this information. Record, p. 165. Detective Cook's actions and observations while using the CI to effectuate the controlled buy, as outlined in the affidavit, were sufficient to justify the magistrate's finding of probable cause to issue a warrant for the search of the residence at 1114 S. Harlan. *See Mills,* 177 Ind.App. at 434–435, 379 N.E.2d at 1025–1026. Consequently, Caudle's claims fail.

## II.

■ The second issue is whether the trial court erred in denying Caudle's motion to suppress because the search warrant was stale by the time it was executed. A search warrant must be executed within ten days after the date that it is issued. Ind. Code § 35–33–5–7. Here, the search of the house at 1114 S. Harlan Street occurred approximately seven hours before that ten-day period would have expired.

Therefore, Caudle does not allege that the execution of this search warrant violated the statute. Instead, Caudle argues, based on *Huffines v. State,* 739 N.E.2d 1093 (Ind.Ct.App.2000), *trans. denied,* that the search of the house was constitutionally impermissible despite being within the ten-day statutory period.

In *Huffines,* the defendant moved to suppress evidence that had been collected from his home pursuant to a search warrant that was executed eight days after it was issued. *Id.* at 1094–1095. Huffines did not question that the warrant had been valid when issued. *Id.* However, he claimed that because there was only one drug buy that had occurred from his home, there was no evidence of on-going drug activity to provide probable cause to believe that drugs would be at the home eight to eleven days after the initial drug buy occurred. *Id.* at 1095. The trial court denied the motion to suppress. *Id.* On interlocutory appeal, we held that the trial court erred in denying the motion to suppress because the search violated both the United States and the Indiana constitutions. *Id.* at 1096–1099. We agreed with Huffines that the search violated the Fourth Amendment of the U.S. Constitution because probable cause no longer existed to conduct the search eight days after the warrant was issued due to the facts that there was only one occasion on which drugs were seen at the home and that there was no indication that police had conducted surveillance of Huffines's home to monitor the level of traffic after the warrant was issued. *Id.* at 1097–1098. In addition, the search violated the Indiana constitution because, under the totality of the circumstances, the search was unreasonable. *Id.* at 1098–1099.

■ Assuming arguendo that the circumstances here are similar enough to

*Huffines* to render this warrant stale before it was executed,[5] we need not reverse the trial court's admission of the evidence if the police executed the search warrant in good faith.[6] The good faith exception to the exclusionary rule was originally created by the Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g denied*, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984).[7] The exception allows courts to admit evidence that had been unlawfully seized if the police acted in "objective good faith." *Jaggers*, 687 N.E.2d at 184 (citing *Leon*, 468 U.S. at 922, 104 S.Ct. at 3420). A police officer does not act in good faith if (1) the officer misled the magistrate by filing an affidavit that the affiant " 'knew was false or would have known was false except for his reckless disregard for the truth'; or (2) the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* (quoting *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421).

 Our supreme court has held that the good faith exception created in *Leon* is compatible with Art. I, § 11 of the Indiana Constitution. *Hopkins v. State*, 582 N.E.2d 345, 351 (Ind.1991), *reh'g denied*. However, care should be taken when applying this exception to ensure that the good faith exception does not swallow the exclusionary rule. *Newby v. State*, 701 N.E.2d 593, 602 (Ind.Ct.App.1998) (quoting *Dolliver v. State*, 598 N.E.2d 525, 529 (Ind. 1992)). The exception also has been codified in Indiana as follows:

(a) In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.

(b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:

(1) it is obtained pursuant to:

(A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its

---

5. Interestingly, the search warrants in *Huffines* and in the current case were issued to and executed by the same detective from the Indianapolis Police Department. However, the search of Caudle's home differed from the search in *Huffines* in three respects. First, Detective Cook had a report from the CI that drug sales were happening from the house at 1114 S. Harlan Street before the controlled drug buy occurred. Second, Detective Cook conducted surveillance of Caudle's home for four hours over two days between when the warrant was issued and when the search was executed, and, in addition, he stopped by the house eight times with the CI in an attempt to buy more cocaine. Third, when Detective Cook took the CI to the house for a controlled buy three days before the search was executed, Caudle offered to sell powered cocaine to the CI.

6. In *Huffines*, we did not address the good faith exception because the State had waived that argument by failing to present it in the appellee's brief. *See Huffines*, 739 N.E.2d at 1095, n. 7. However, here, the State did not waive this argument. *See Appellee's brief*, pp. 7–9.

7. The exclusionary rule renders inadmissible evidence that was obtained pursuant to an illegal search, whether the search was illegal under the federal or state constitutions. *Newby v. State*, 701 N.E.2d 593, 602 (Ind.Ct.App. 1998) (quoting *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) and *Callender v. State*, 193 Ind. 91, 138 N.E. 817 (1923)).

preparation, and that was reasonably believed by the law enforcement officer to be valid; or

(B) a state statute, judicial precedent, or court rule that is later declared unconstitutional or otherwise invalidated; and

(2) the law enforcement officer, at the time he obtains the evidence, has satisfied applicable minimum basic training requirements established by rules adopted by the law enforcement training board under I.C. 5–2–1–9. . . .

Ind. Code § 35–37–4–5. Therefore, whether or not Detective Cook acted in good faith in executing the warrant depends upon (1) whether a neutral and detached magistrate made the determination of probable cause and issued the warrant; (2) whether the warrant was free of obvious defects other than non-deliberate errors; and (3) whether Detective Cook reasonably believed the warrant was still valid when he executed it. *See id.*

Here, Caudle does not appear to be questioning the first two requirements, as he claims only that Detective Cook "simply cannot assert that he acted in good faith in serving the warrant" because (1) Columbus was the target, (2) Cook only conducted surveillance for a few hours between receiving and executing the warrant, during which he never saw Columbus at the house, and (3) "no other illegal activity ever actually took place." Appellant's brief, p. 17.

We agree that after *Huffines* a question exists about whether or not a police officer can in good faith execute a warrant under circumstances similar to those in *Huffines* because that decision should cause an officer to no longer "reasonably believe" that such a warrant would be valid under Ind. Code § 35–37–4–5(b)(1)(A). *See Huffines,* 739 N.E.2d 1093. However, the search here was conducted nearly eighteen months before we handed down our decision in *Huffines.* Detective Cook stated that he executed the search when he did because he had not been able to catch Columbus at home during the previous nine days and because the warrant was going to expire. Moreover, contrary to Caudle's allegation that no other illegal activity had occurred during that nine-day period, Caudle himself had offered to sell powdered cocaine to the CI on July 16. Therefore, Detective Cook was still acting in good faith when he executed the warrant in this case. *See, e.g., Lloyd v. State,* 677 N.E.2d 71, 76 (Ind.Ct.App.1997) (holding that a police officer "conducted the search in good faith reliance upon the warrant pursuant to I.C. § 35–37–4–5 and *Leon*"), *reh'g denied, trans. denied.*

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and MATTINGLY–MAY, J., concur.