Willie O. CAUDLE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0008–CR–546.

Court of Appeals of Indiana.

Aug. 21, 2001.

Hilary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

SHARPNACK, Chief Judge.

In his petition for rehearing, Caudle alleges that we erred in holding that the good faith exception to the exclusionary rule permitted the admission of evidence seized pursuant to a search warrant that had allegedly become stale. We grant rehearing for the limited purpose of explaining why, despite the fact that probable cause had allegedly dissipated before the warrant was executed, we appropriately relied on the good faith exception to affirm the trial court's denial of Caudle's motion to suppress evidence in our previously published opinion in this case, *Caudle v. State*, 749 N.E.2d 616, 622 (Ind.Ct.App. 2001).

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

To generally deter police from violating people's Fourth Amendment rights, the Supreme Court created the exclusionary rule, which prohibits the admission of evidence seized in violation of the Fourth Amendment. *Arizona v. Evans,* 514 U.S. 1, 10, 115 S.Ct. 1185, 1191, 131 L.Ed.2d 34 (1995). However, in 1984, the Supreme Court created an exception to the exclusionary rule, which allows evidence seized in violation of the Fourth Amendment to be admitted in criminal proceedings if the police officers who seized the evidence acted in good faith. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In *Leon,* the Supreme Court outlined four situations to which the good faith exception would not apply. *Id.* at 923, 104 S.Ct. at 3421. First, the good faith exception would not apply "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Id.* Second, the exception does not apply if the "issuing magistrate wholly abandoned his judicial role" as a neutral and detached determiner of probable cause. *Id.* Third, if an officer relied "on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" then that officer's actions were not in reasonable good faith such that the exception would apply. *Id.* (quoting *Brown v. Illinois,* 422 U.S. 590, 610–611, 95 S.Ct. 2254, 2265–2266, 45 L.Ed.2d 416 (1975)). Finally, if a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid," then the good faith exception will not apply. *Id.*

In his petition for rehearing, Caudle points out that, since *Leon,* federal circuit courts have held that the good faith exception is also not applicable to errors in the

execution of a warrant, because execution errors are police errors of a type that the exclusionary rule was intended to deter. *See United States v. Gantt,* 194 F.3d 987, 1006 (9th Cir.1999) (holding that officers' failure to present the search warrant to the defendant at the outset of the search of her property was an execution error that prohibited the application of the good faith exception); *United States v. Medlin,* 798 F.2d 407, 410 (10th Cir.1986) (holding that the seizure of items not listed in the warrant was an execution error that the good faith exception could not remedy). In addition, Caudle points to language in *Medlin* that suggests that serving a warrant in an untimely manner is an error in execution of the warrant. *Medlin,* 798 F.2d at 410 (citing Wayne R. LaFave, *"The Seductive Call of Expediency": United States v. Leon, Its Rationale and Ramifications,* 1984 U. ILL. L.REV. 895, 915–916 (1984)). Consequently, Caudle claims that the good faith exception is not applicable to Detective Cook's execution of the search warrant because the execution of a stale search warrant amounts to untimely execution, which is the fault of the police officer. Under the specific facts of this case, we disagree.

When Detective Cook executed the search warrant in question on the tenth day after it was issued, he did so in reliance on Ind.Code § 35–33–5–7. That code provision provides, in pertinent part, that "[a] search warrant must be executed not more than ten (10) days after the date of issuance. . . ." Ind.Code § 35–33–5–7. Approximately eighteen months after Detective Cook conducted the search in question, this court held that the execution of a search warrant within the ten-day statutory period could be unconstitutional if the probable cause supporting the issuance of the warrant had dissipated before the search was executed. *Huffines v. State,* 739 N.E.2d 1093, 1096–1097 (Ind.Ct.App.

2000), *trans. denied.* Caudle has not cited any case law suggesting that the execution of a search warrant, which was valid when issued but for which probable cause had dissipated before execution, was unconstitutional within the ten-day statutory period provided by Ind.Code § 35–33–5–7 prior to *Huffines.* Consequently, Detective Cook was permitted to rely on the statute when executing the search unless the statute was "clearly unconstitutional." *See Illinois v. Krull,* 480 U.S. 340, 349–350, 107 S.Ct. 1160, 1167, 94 L.Ed.2d 364 (1987) (holding that the *Leon* good faith exception should apply when an officer relies in good faith on the constitutionality of a statute that is later determined to be unconstitutional, because "an officer cannot be expected to question the judgment of the legislature that passed the law").

Caudle argues that Detective Cook could not have reasonably relied on the constitutionality of Ind.Code § 35–33–5–7 at the time of this search, despite the fact that it occurred before *Huffines,* because other jurisdictions had held that probable cause could dissipate, rendering a warrant stale, before a ten-day statutory period expires. To support that point, Caudle cites *Huffines,* wherein this court cited case law from other jurisdictions. *See Huffines,* 739 N.E.2d at 1096–1097 (citing cases from the Third, Sixth, Eighth, and Ninth Circuit Courts of Appeals).

The problem with Caudle's argument is that while some jurisdictions had held that the dissipation of probable cause before the execution of a warrant rendered the execution of that warrant untimely and unconstitutional despite the fact that the warrant was executed within the statutorily prescribed period, other jurisdictions had held that the execution of a warrant within the time limit provided by statute was per se timely execution. *See* 2 Wayne R. LaFave, SEARCH & SEIZURE § 4.7(a), at

585 n. 9 (3d ed. 1996 & Supp.2000) (citing cases from the supreme courts of Kansas, Montana, and Nebraska, and dictum from the Court of Appeals for the District of Columbia). Moreover, as noted above, Caudle does not argue that an Indiana court before *Huffines* had held that the execution of a search warrant within the ten days provided by Ind.Code § 35–33–5–7 was unconstitutional, even though probable cause may have dissipated. In fact, to the contrary, our supreme court had held that a search warrant executed fourteen days after the warrant was issued under a previous version of Indiana's warrant statute, which provided that a search warrant had to " 'be delivered within twenty days[,]' " was valid "inasmuch as the search warrant in the instant case was served and return made within the time fixed by statute." *State v. Nozanich,* 192 N.E. 431, 432, 207 Ind. 264, 265 (Ind.1934) (citing § 2746 Burns' Ann. St.1926). Consequently, Ind.Code § 35–33–5–7 was not "clearly unconstitutional" before *Huffines,* and Detective Cook could have reasonably relied on that statute in good faith. *See, e.g., United States v. Rowland,* 145 F.3d 1194, 1207 (10th Cir.1998) (holding that a police officer was not acting unreasonably when he relied on a magistrate's authorization of an anticipatory search warrant because the Tenth Circuit had not yet ruled on the constitutional validity of anticipatory warrants and because we do not expect police officers to understand the intricacies of the constitution like attorneys should). Therefore, the trial court did not err when it refused to suppress the evidence collected when Detective Cook searched the house at 1114 S. Harlan Street on the tenth day after the search warrant was issued.

As a final note, in our original opinion we discussed the fact that after *Huffines* was handed down, an officer could no longer rely on Ind.Code § 35–33–5–7 to justify his belief that a warrant was still constitutionally valid and could be executed despite a delay in serving the warrant after it was issued. *See Caudle,* 749 N.E.2d at 622. Consequently, a question remains regarding whether the good faith exception would allow the admission of evidence seized after *Huffines* if an officer's delay in the execution of the warrant resulted in the dissipation of the probable cause that supported the issuance of the warrant. However, as that question is not properly before us, we leave its resolution for another day.

For the foregoing reasons, we grant Caudle's petition for rehearing and affirm our earlier decision.

KIRSCH, J., and MATTINGLY–MAY, J., concur.