**Jeffrey J. MARLOWE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 46A03–0207–CR–229.

Court of Appeals of Indiana.

April 16, 2003.

---

Craig V. Braje, Elizabeth A. Flynn, Braje & Nelson, LLP, Michigan City, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

The State filed charges against Jeffrey Marlowe for Possession of Marijuana and Possession of Cocaine with Intent to Deliver. Marlowe filed a Motion to Suppress all of the evidence seized as a result of a search warrant executed at his residence. Following a hearing, the trial court denied Marlowe's Motion to Suppress. Marlowe filed this interlocutory appeal. We affirm.

### Issue

Marlowe raises a single issue for our review which we restate as whether the trial court properly denied his Motion to Suppress.

### Facts and Procedural History

Marlowe owned and operated a business at 922 Chicago Street in Michigan City, Indiana. His residence was on the corner of Western Avenue and Columbia Street at 132 Columbia. A confidential informant told the Michigan City Police Department

that he had seen narcotics at Marlowe's business. Additionally, the informant told the police department that he had seen narcotics at Marlowe's residence, but incorrectly identified the residence as 132 Western Avenue. Also, the police received an anonymous tip that there was illegal activity at Marlowe's residence. The Michigan City Police Department conducted two controlled buys at Marlowe's business in one day. No controlled buys occurred at Marlowe's residence. As a result of these controlled buys, a probable cause hearing was held by the LaPorte Circuit Court and an Order for Search Warrant for Marlowe's residence was entered by the court. The warrant identified Marlowe's residence as 132 Western Avenue.

On February 7, 2002, the police searched Marlowe's residence. After finding narcotics evidence intended for use at trial, the police arrested Marlowe. Marlowe filed a Motion to Suppress the evidence confiscated at his residence. At the hearing on the Motion to Suppress, Marlowe's attorney was not allowed to fully cross-examine all witnesses. The trial court denied Marlowe's Motion to Suppress and this interlocutory appeal ensued.

*Discussion and Decision*

### I.   Standard of Review

◼ We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Scott v. State*, 775 N.E.2d 1207, 1209 (Ind.Ct.App.2002). We do not reweigh the evidence and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id.*

### II.   Marlowe's Motion to Suppress

◼ Marlowe contends that his Motion to Suppress was erroneously denied because the search warrant incorrectly identified the house. Additionally, he argues that the search warrant was not based on probable cause. Generally, a search warrant should not issue unless it particularly describes the place to be searched and things or persons to be seized. U.S. Const. amend. IV; Ind.Code § 35–33–5–2(a)(1); *Houser v. State*, 678 N.E.2d 95, 100 (Ind.1997). In *Houser*, the search warrant issued erroneously identified the building to be searched as 1435 South Hoyt Avenue instead of 1435 South Kinney Avenue. However, the warrant stated that the officers were to search a cement block building bearing the words "Lee's Automotive." The court held that the warrant sufficiently described the property to be searched despite the mistake. *Id.* at 101.

Citing the holding in *Houser*, Marlowe states that the search warrant here should be invalidated because the address was wrong. Also, Marlowe argues that the warrant at question here, unlike the warrant in *Houser*, does not describe the property with such specificity that it is distinguished from the buildings around it.

In *Willard v. State*, 272 Ind. 589, 400 N.E.2d 151 (1980), our supreme court examined probable cause in a warrant issued to search a motor home. The search warrant contained an incorrect designation of the license number and model year of the motor home. The court held that a search warrant need only be sufficiently specific to identify the house or place to be searched for the officers who serve the warrant. *Id.* at 155.

Although the warrant issued in the present case did not contain the kind of specific identifying information as the warrant issued in *Houser*, the warrant issued here

was sufficiently specific for the officers who served the warrant. Besides the address, the warrant identified the house as white in color and as a single family dwelling. Appellant's Appendix at 10.

Additionally, we note that Marlowe has presented no evidence to this court that the proper address for his residence is 132 Columbia Street rather than 132 Western Avenue. There is nothing in the record to show that the address on the search warrant is incorrect.[1] Therefore, the trial court did not err in finding that the search warrant sufficiently described the address of the house to be searched.

■■■ Next, Marlowe contends that the search warrant was not based on probable cause. Marlowe contends that the confidential informant lacked the required indicia of credibility. The United States Supreme Court has held that uncorroborated hearsay from an informant whose credibility is unknown cannot suffice to satisfy the probable cause requirement for the issuance of a search warrant. *Illinois v. Gates,* 462 U.S. 213, 227, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The federal test for ensuring the reliability of a hearsay statement in a probable cause determination allows the use of hearsay only if the totality of the circumstances corroborates the hearsay. *Lloyd v. State,* 677 N.E.2d 71, 74 (Ind.Ct.App.1997), *trans. denied* (quoting *Gates,* 462 U.S. at 230–31, 103 S.Ct. 2317). The reliability of hearsay can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activities by the suspect that are not ordinarily

easily predicted. *Jaggers v. State,* 687 N.E.2d 180, 181 (Ind.1997) (quoting *Gates,* 462 U.S. at 238, 103 S.Ct. 2317).

Further, Indiana Code section 35–33–5–2(b) provides:

When based on hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Marlowe concedes that the magistrate at the probable cause hearing asked Officer Mark Swistek whether the Michigan City Police Department had relied on the confidential informant in the past and Officer Swistek responded affirmatively. Additionally, Marlowe concedes that the magistrate asked Officer Swistek whether the information from the informant had always proven truthful and accurate and again, Officer Swistek responded affirmatively. However, Marlowe contends that simply responding affirmatively without offering a factual basis for the hearsay is not sufficient to establish a factual basis for the search warrant.

Marlowe refers us to *Newby v. State,* 701 N.E.2d 593 (Ind.Ct.App.1998), in support of his position. In *Newby,* this court examined a search warrant which was based on "hearsay within hearsay,"—the officer seeking the warrant was reporting what a witness had allegedly told another officer. *Id.* at 598. Although the State argued that the statements were made

---

1. Marlowe's address is listed as 132 Western Avenue in his chronological case summary as

well. Appellant's Appendix at 1.

against Newby's penal interest and that the totality of the circumstances corroborated the hearsay statements, this court held that the determination of probable cause lacked a substantial basis and that the search was therefore unlawful. *Id.* at 602.

Marlowe's reliance on *Newby* is misplaced. In *Newby,* the officers did not know the informant before receiving information regarding Newby. In the present case, the officers knew the confidential informant and the informant had provided reliable information in the past.[2] Additionally, the police conducted two controlled buys with the informant. This is sufficient to establish the reliability of the hearsay evidence provided by the confidential informant. *Jaggers,* 687 N.E.2d at 181.

Of greater concern in the present situation is the question of the location to be searched. The confidential informant told Michigan City police that Marlowe had drugs at his residence and that he was selling the drugs at his place of business. The Michigan City Police Department then conducted two controlled buys at Marlowe's business. However, the search warrant was issued for Marlowe's residence rather than for his business. The State argues that, even though the controlled buys were conducted at Marlowe's business, the magistrate could reasonably infer from the informant's prior observation of contraband in Marlowe's residence and from the controlled buys that there would be contraband in Marlowe's residence. Furthermore, the State argues that the controlled buys substantiated the infor-

mant's reliability, and the informant had seen contraband in the residence the evening prior to the search.

■ We review the magistrate's ruling that probable cause existed for a search based on both the evidence and reasonable inferences drawn from the totality of the evidence supporting the determination. *Houser,* 678 N.E.2d at 99. Although the controlled buys occurred at Marlowe's business, that was only one way in which the confidential informant's information was corroborated here. First, the confidential informant had given correct information in the past. Second, some basis for the informant's information was shown in that he was present in Marlowe's home and had seen contraband the evening before the search. Furthermore, there had been an anonymous tip called to the Michigan City Police Department stating that there was illegal activity occurring in Marlowe's residence. Even though the controlled buys occurred at Marlowe's business rather than at his home, the totality of the evidence supports the magistrate's determination that probable cause existed for a search warrant for Marlowe's residence.

### Conclusion

Although the description of Marlowe's residence contained an incorrect address, the description was sufficiently particular. Additionally, the required indicia of reliability was introduced to support the confidential informant and to establish probable cause for the search warrant. Finally, although the controlled buys occurred at

**2.** Marlowe contends that Officer Swistek admitted that he had never used the confidential informant for a controlled buy situation prior to February 7, 2002. Although this is true, it gives only half of the picture. Officer Swistek testified at the hearing on Marlowe's Motion to Suppress that he used the confidential in-

formant within the previous year for investigation and informational purposes. Indiana Code section 35–33–5–2 merely requires that there be evidence of the confidential informant's credibility—it does not state that the confidential informant must have been involved in a previous controlled buy situation.

Marlowe's business, probable cause existed for the search warrant for Marlowe's residence. Therefore, we affirm the trial court's denial of Marlowe's Motion to Suppress.

Affirmed.

BAILEY, J., and BARNES, J., concur.