**Michael WALKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0408–CR–682.

Court of Appeals of Indiana.

June 21, 2005.

Transfer Denied Aug. 25, 2005.

Laura M. Taylor, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

DARDEN, J.

### STATEMENT OF THE CASE

After being convicted in a bench trial of possession of marijuana[1] and dealing in marijuana[2], both as class D felonies, Michael Walker (Walker) brings this appeal challenging the trial court's denial of his motion to suppress evidence.

We reverse.

### ISSUE

Whether the trial court abused its discretion when it denied Walker's motion to suppress evidence.

### FACTS

On June 25, 2003, Sergeant Michael Elder (Elder) of the Indianapolis Police Department drafted the following probable cause affidavit for a search warrant, which in pertinent part reads:

[Elder] believes and has good cause to believe that a controlled substance, to wit: Marijuana, Cannabis, the possession of which is unlawful, is being kept[,] used and sold from the business located at 4715 W. 34th St, Urban Styles, Indianapolis, Marion County, Indiana.

This affiant bases their [sic] belief on the following information: that within the past seventy-two hours of June 25, 2003, a confidential informant stated that they [sic] had knowledge that Marijuana was being kept, used and sold from the business, Urban Styles, at 4715 W. 34th St. The informant was searched for contraband and money with negative results. The informant was provided with informant funds and then went directly to 4715 W. 34th St., and went inside. The informant was kept under constant visual surveillance from the time the informant left this affiant until they [sic] arrived and went inside the business. During the time the informant was inside no one else came or left. The informant left the business, came directly to this affiant and immediately surrendered a package of suspected Marijuana and was again searched with negative results. The informant stated that while inside the business, Urban Styles, they [sic] had seen a B/M, 20's, 6'1" to 6'4," medium complexion, medium build with short hair, in possession of a substance and that the black male suspect told the informant that the substance he had in his possession was in fact Marijuana, and was for sale. Said informant is known by this affiant to be a past user of Marijuana, and knows Marijuana by its appearance and the manner in which it is packaged for sale. Said informant is confidential in that revealing the identity of the informant could directly endanger the life of the informant and would destroy any future use of the

---

1. Ind.Code § 35–48–4–10.

2. I.C. § 35–48–4–11.

informant. The suspected cocaine [sic] was tested by the Marion County Crime Lab and the substance came back positive for Marijuana.

Based upon the above information, I am requesting a search warrant be issued for the business located at 4715 W. 34th St., Indianapolis, Marion County, Indiana. Said residence [sic] is described as one story business located in a strip mall. The numbers "4715" and the business name "Urban Styles" are on the front of the business. I request this search to include all rooms, closets, drawers, shelves and personal effects contained therein and thereon where Marijuana, Cannabis, may be concealed. I request this search to include all moneys, papers, records, documents, computer information or any other documentation which indicates or tends to indicate a violation or a conspiracy to violate the Indiana Controlled Substance Act. I further request this search to include the person of a B/M, 20's, 6'1″ to 6'4″, medium complexion, and medium build with short hair.

(App.23).

A search warrant was issued. On June 26, 2003, the search warrant was executed at the barbershop. "There were approximately eight other subjects inside the store... [t]here was also an approximately eight to ten year old boy in the barber chair at the time this happened." (App.16). Two people in the barbershop were arrested for possession of marijuana that was found on their persons. A search of the barbershop revealed two trashcans, which contained marijuana, seeds of marijuana plants, and a box that contained two bags of marijuana. Two sets of scales were found in the bathroom's medicine cabinet. Walker, the owner, was also arrested and charged with possession of

marijuana, as a class D felony, and dealing in marijuana, as a class D felony.

On September 3, 2003, Walker filed a motion to suppress evidence on the basis that the underlying affidavit for the warrant lacked probable cause. On November 7, 2003, evidence was presented to the trial court, and the motion was denied.

On January 27, 2004, this matter was tried to the bench. Walker renewed his objection to the items seized during the search being admitted into evidence. His objection was overruled, and the marijuana, seeds, stems and scales were entered into evidence. Walker was found guilty as charged.

## DECISION

The review of a denial of a motion to suppress is similar to other sufficiency matters. *Marlowe v. State*, 786 N.E.2d 751, 753 (Ind.Ct.App.2003). We do not reweigh the evidence and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id.*

The federal and state constitutions guarantee that a court will not issue a search warrant without probable cause. *Overstreet v. State*, 783 N.E.2d 1140, 1157 (Ind.2003) (citing U.S. CONST. Amend IV; Ind. Const. Art. I, § 11). In Indiana, this protection has been codified in Indiana Code § 35–33–5–1. Probable cause is established when a sufficient basis of fact exists to permit a reasonably prudent person to believe that a search of those premises will uncover evidence of a crime. *Leicht v. State*, 798 N.E.2d 204, 207 (Ind. Ct.App.2003), *trans. denied.* The decision to issue the warrant should be based on the facts stated in the affidavit and the

rational and reasonable inferences drawn therefrom. *Id.*

With some exception, "no warrant for search or arrest shall be issued until there is filed with the judge an affidavit" containing specific information. Ind.Code. § 35–33–5–2. To address Walker's argument, we will focus on the affidavit's requirement that the affiant had good cause to believe that the items searched for will be in the location requested to be search. *Id.*

A reviewing court is to focus on whether a "substantial basis" existed for a warrant authorizing the search or seizure, and doubtful cases are to be resolved in favor of upholding the warrant. *Illinois v. Gates,* 462 U.S. 213, 236–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *reh'g. denied.* In determining whether a substantial basis exists, the reviewing court, with significant deference to the magistrate's determination must "focus on whether reasonable inferences drawn from the totality of the evidence support the determination." *Houser v. State,* 678 N.E.2d 95, 99 (Ind. 1997).

Walker argues that "[t]he affidavit in this case provided no basis to permit a reasonable person to believe that a search of Walker's business would uncover evidence of a crime because it utterly failed to link the unidentified person mentioned in the affidavit to the barbershop." Walker's Br. 5–6. We agree.

The probable cause affidavit was based upon a one time controlled buy of marijuana by a confidential informant who gave a physical description of a black male subject who sold him marijuana inside the public barbershop. However, the affidavit failed to state if the unidentified male was the owner or someone who worked in the barbershop; was a customer or someone who frequented the barbershop; was

someone who might have resided therein; or in some manner indicated that there was a basis in fact for the affiant to believe marijuana was being sold or stored in the barbershop and would likely be present when the search warrant was served. The facts alleged in this case are almost identical to those alleged in an affidavit which was found lacking in probable cause in *Merritt v. State,* 803 N.E.2d 257 (Ind.Ct. App.2004). In *Merritt,* the confidential informant provided the following information for the affidavit:

> A confidential, credible and reliable informant came personally to this affiant and stated that within the past seventy-two (72) hours of 1–16–02, he/she was personally in the location of 3508 N. Butler Ave., Indianapolis, Marion County, Indiana and observed in the possession of a B/M 20 yrs. old, 5'7" tall, 270 lbs. With a medium afro wearing a black leather jacket and blue jeans, a substance said informant believed to be cocaine… and was for sale.

*Id.* at 258. The affidavit in this case, as in *Merritt,* "did not state that the unidentified black male frequented, resided, or concealed contraband at 3508 North Butler Avenue nor did [the affiant] state that there was good cause to believe that the black male would possess cocaine in the residence when the warrant was obtained." *Id.* at 258–259. This court in *Merritt* therefore concluded that the affidavit did not provide sufficient probable cause to support the issuance of a search warrant, and that the trial court abused its discretion in denying Merritt's motion to suppress.

Upon further review, we find that all of the same defects in the probable cause affidavit in *Merritt* exist in the probable cause affidavit in this case. The probable cause affidavit herein failed to show or establish a nexus between the unidentified

black male who sold the marijuana to the confidential informant and the public barbershop. Furthermore, the totality of the evidence outlined in the probable cause affidavit does not support a reasonable inference that drugs were being kept and/or sold from the barbershop and there was no reasonable indicia that marijuana would likely be found on the premises when the warrant was served. As in *Merritt*, we do not find that a "substantial basis" existed to support the issuance of a search warrant herein under the circumstances.

■ However, unlike *Merritt*, the State in this case has argued both at trial and on appeal that the police officers executed the search warrant in "good faith." It has been reasoned that the deterrent purpose of the exclusionary rule is not served when officers execute warrants in "good faith," and therefore the evidence need not be excluded when good faith is found. *See Frasier v. State*, 794 N.E.2d 449, 457 (Ind. Ct.App.2003), *trans. denied.* "However, care should be taken when applying this exception to ensure that the good faith exception does not swallow the exclusionary rule." *Caudle v. State*, 749 N.E.2d 616, 621 (Ind.Ct.App.2001), *trans. denied.; Newby v. State*, 701 N.E.2d 593, 602 (Ind. Ct.App.1998) (quoting *Dolliver v. State*, 598 N.E.2d 525, 529 (Ind.1992)). The State offered the testimony of Sergeant Elder to support its claim that the officers executed the warrant in good faith. Elder testified that he had drafted and executed over fifty similar affidavits and had relied upon the magistrate's approval to believe the affidavit was proper. Elder's testimony however is insufficient to establish that the warrant was executed in good faith.

■ The good faith exception has been codified at Indiana Code § 35–37–4–5 and provides "evidence is obtained by a law enforcement officer in good faith if . . .

a search warrant that was *properly* issued upon a determination of probable cause by a neutral and detached magistrate, that is *free from obvious defects* other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid." (emphasis added). A "good faith" determination is very fact sensitive.

In deciding whether to issue a search warrant, the task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of the reviewing court is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed. Substantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. "Reviewing court" for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing the decision.

*Merritt*, 803 N.E.2d at 260 (quoting *Jaggers v. State*, 687 N.E.2d 180, 181–82 (Ind. 1997)). The good faith exception does not apply when "1) the warrant was based upon false information knowingly or recklessly supplied by an affiant; 2) the warrant is facially deficient; or 3) the affidavit upon which the warrant was based is lacking in indicia of probable cause." *Cutter v. State*, 646 N.E.2d 704, 714–715 (Ind.Ct. App.1995).

■ As found in Indiana Code § 35–33–5–2, the affiant is required to state that he or she has "good cause to believe that [ ] the things as are to be

searched for are there concealed." The affiant's statement cannot be merely conclusory but must state facts that support the conclusion. As stated earlier, this was a public barbershop where it is common for people to congregate and the affidavit provides only that marijuana was purchased from an unidentified black male therein. The affidavit fails to state with particularity any facts or circumstances surrounding where the sale of the marijuana took place in the barbershop. Specifically, it failed to allege whether the sale took place out in the general public area or in a secluded area of the barbershop or state some facts that would reasonably support an inference that drugs were being concealed on the premises. The affidavit further fails to state from where the marijuana was obtained, i.e., whether from the person of the unidentified black male, or whether it was stored somewhere else on the premises and had to be retrieved by the seller. Instead, the affidavit in referring to the transaction merely states that the affiant "has good cause to believe that a controlled substance... [m]arijuana ... is being kept[,] used and sold from the business located at 4715 W. 34th St...." "this affiant bases their [sic] belief on the following..." (App.23). "The informant stated that while inside the business, Urban Styles, they [sic] had seen a B/M, 20's, 6'1" to 6'4," medium complexion, medium build with short hair, in possession of a substance and that the black male suspect told the informant that the substance he had in his possession was in fact Marijuana, and was for sale." (App.23).

In summary, the affidavit lacked sufficient indicia of probable cause to support the issuance of a search warrant based upon a reasonable belief that drugs were either being concealed, "kept[,] used [or] sold" from the public business searched. (App.23). Because there was no indication within the probable cause affidavit of a nexus between the unidentified black male and the business, or marijuana and the business, we find the warrant was improperly issued. The good faith exception does not apply herein.

We reverse.

BARNES, J., concurs.

MAY, J., dissents with separate opinion.

MAY, Judge, dissenting.

I respectfully dissent. I find this case more similar to *Massey v. State,* 816 N.E.2d 979 (Ind.Ct.App.2004) than to *Merritt,* 803 N.E.2d 257. Accordingly, I would affirm the denial of Walker's motion to suppress.

In *Merritt,* the confidential informant was "in the location of" Merritt's home on one occasion when an unidentified black male offered to sell drugs to the informant. *Id.* at 258. No controlled buy occurred at Merritt's house to confirm the availability of drugs at that location. In this case, the controlled buy provided positive evidence drugs would be found at the barber shop; when the confidential informant went into the barber shop he did not have drugs on his person, and when he came out, he had a package of marijuana.

In *Massey,* the search warrant identified Massey by name and a confidential informant had seen drugs and guns in Massey's residence on more than one occasion. Therefore, we held, the affidavit did not indicate "the one-time interaction with an unknown dealer that occurred in *Merritt.*" *Massey,* 816 N.E.2d at 988.

Here, although the search warrant affidavit does not identify Walker by name, the confidential informant had information drugs were being sold from the barber shop and police conducted a controlled buy at the barber shop. As in *Massey,* the affidavit indicated a reasonable probability

drugs would be found at the barber shop when police returned.[3]

I would affirm Walker's convictions.

**3.** Moreover, if the affidavit is insufficient to provide probable cause, I believe the controlled buy allowed the officers to rely on the search warrant in good faith. Accordingly, I would affirm Walker's convictions on that ground as well.