**Judston McCLURE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–0309–CR–437.

Court of Appeals of Indiana.

Feb. 6, 2004.

Transfer Denied April 1, 2004.

---

Michael B. Troemel, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

## Case Summary[1]

Judston McClure appeals his conviction for carrying a handgun as a Class C felony. We affirm.

## Issues

McClure raises two issues for review, which are:

I.    whether the trial court properly denied his motion to suppress a statement he made to police; and

II.   whether the trial court properly entered the conviction as a Class C felony.

## Facts

On September 23, 2000, Officer Brad Bishop initiated a traffic stop of a vehicle driven by McClure. Upon learning there was an outstanding warrant for McClure's arrest, Officer Bishop placed McClure in the back seat of the patrol car.

An inventory search of the car revealed a marijuana pipe, ammunition, and a handgun. Officer Bishop then returned to his patrol car while carrying the items in his hand. He opened the driver's door and rolled down the window where McClure was seated. As Officer Bishop turned toward McClure, McClure blurted, "that's my gun and no I don't have a permit for it." Tr. pp. 29, 43.

On September 28, 2000, the State charged McClure with carrying a handgun without a license, possession of marijuana, maintaining a common nuisance, and reckless possession of paraphernalia. McClure moved to suppress his statement regarding the handgun on the basis that it was inadmissible because he had not been given his *Miranda* warnings. After a hearing, the trial court denied the motion. Af-

ter a jury trial, McClure was acquitted on all counts except the handgun charge.

The trial court then conducted the second phase of the trial to determine whether McClure had a prior felony conviction that would support an enhancement of the handgun charge to a C felony. The State presented evidence that McClure had been convicted in 1998 of possession of marijuana as a Class D felony pursuant to a plea agreement. The trial court then found he had a prior conviction within fifteen years of the instant offense and found him guilty of a Class C felony. This appeal ensues.

## Analysis

### I.   Motion to Suppress

We first note that McClure did not object to the admission of his statement during trial. When the trial court denies a motion to suppress evidence or takes the motion under advisement, the moving party must renew his objection to admission of the evidence at trial. *Wright v. State*, 593 N.E.2d 1192, 1194 (Ind.1992), *cert. denied*, 506 U.S. 1001, 113 S.Ct. 605, 121 L.Ed.2d 540. If the moving party does not object to the evidence at trial, then any error is waived. *Id.* Here, defense counsel made an oral motion to suppress the statement just prior to the State's case-in-chief. After hearing evidence, the trial court denied the motion. However, when Officer Bishop testified during the trial about McClure's statement, the defense did not object. Thus, the issue is waived on appeal for failing to properly preserve it below.

Waiver notwithstanding, McClure's argument fails. We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Marlowe v. State*, 786 N.E.2d 751, 753 (Ind.Ct.App. 2003). We do not reweigh the evidence,

1.   We note that oral argument was held on January 16, 2004, at Valparaiso University School of Law. We commend counsel on their presentations and preparation.

and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider uncontested evidence favorable to the defendant. *Id.*

■ In *Miranda,* the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). These procedural safeguards include an advisement to the accused the he/she has the right to remain silent, that anything said can be used against him or her, that he or she has the right to an attorney, and that one will be appointed if he or she cannot afford one. *Id.* at 479, 86 S.Ct. at 1602. The *Miranda* warnings are required only where a suspect in custody is subjected to interrogation. *Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *White v. State,* 772 N.E.2d 408, 412 (Ind.2002).

There is no dispute here that McClure was in custody. He was handcuffed and placed in the patrol car as a result of the outstanding arrest warrant. Thus, the first element is fulfilled.

■ The question then becomes whether McClure was subjected to an interrogation by Officer Bishop. Under *Miranda,* "interrogation" includes express questioning and words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the suspect. *Innis,* 446 U.S. at 301, 100 S.Ct. at 1689–90. Volunteered statements do not amount to interrogation.

*White,* 772 N.E.2d at 412; *Hopkins v. State,* 582 N.E.2d 345, 348 (Ind.1991).

The State maintains that McClure voluntarily blurted out the confession without any sort of prompting or questioning by Officer Bishop. McClure denies making the statement to Officer Bishop at all. However, he makes the alternative argument that even if he had made the statement, he was in custody at the time and should have been advised of his *Miranda* warnings before the "interrogation." McClure argues that he did not voluntarily blurt out the confession and that the statement was made as an immediate response to Officer Bishop's action of "displaying the gun, while rolling down the back window of the squad car in which [McClure] was handcuffed." Appellant's Br. p. 6. He further argues:

> Officer Bishop was carrying the gun in plain view. He opened the front door of his squad car, but rolled down the rear window on the side where [McClure] was handcuffed. It was clearly perceived by [McClure] that the purpose of rolling down the rear window and having the officer face him with the gun amounted to a demand for an explanation of the gun. While it is true that the demand was communicated physically rather than verbally, it was tantamount to interrogation.

Appellant's Br. p. 6.

Given the standard of review, we must consider the evidence most favorable to the trial court's ruling and all undisputed evidence in favor of McClure. Keeping that in mind, there is no evidence that Officer Bishop held the gun up to McClure for him to see, that he asked McClure anything relating to the weapon, or that he in any way solicited information from McClure. Indeed, Officer Bishop did not even have the opportunity to give the *Miranda* warnings before McClure stated

that he owned the weapon. Officer Bishop testified that McClure confessed his ownership of the gun before he had a chance to say anything at all to McClure. Officer Bishop further stated that he had not presented the weapon to McClure when McClure admitted owning it, but rather only had it in his hand. Officer Bishop also testified that he did not know if McClure saw the gun before he "blurted out" his statement. Tr. pp. 31, 62–63. McClure's statement was an utterance not made in response to any questioning, words, or actions on the part of Officer Bishop that he should have known were "reasonably likely to elicit an incriminating response."[2] *White*, 772 N.E.2d at 412. The only way to find otherwise would be to conclude that the fact that Officer Bishop approached the car and rolled down McClure's window with the handgun in his hand was tantamount to an interrogation.

Clearly, Officer Bishop may have been getting ready to say something to McClure but had not done so when McClure had volunteered the information. However, that does not render Officer Bishop's conduct an interrogation given that he did not even have an opportunity to advise McClure of his rights before the statement was made. As a result, the *Miranda* warnings were not a prerequisite to the admission of the statement, and the trial court properly denied the motion to suppress.[3]

### II.  Class C Felony

■ The trial court convicted McClure of a Class C felony. To support the Class

C felony conviction, the trial court found that McClure had a Class D felony conviction in 1998, which was within fifteen years of the instant offense. McClure argues that his plea agreement for the 1998 conviction precluded the entry of a Class C felony conviction in the instant case.

McClure's plea agreement in the prior case stated in relevant part:

2.   That this Court may impose whatever sentence it deems appropriate after hearing any evidence or argument of counsel. However, the State of Indiana would recommend alternative sentencing through Community Corrections Work Release or House Arrest programs by imposed for any executed sentence, and if defendant completes any probationary period, the State recommends his conviction be reduced to a Class A misdemeanor.

App. p. 316. McClure argues that the trial court accepted the plea agreement and was, therefore, bound by its terms. He argues:

That agreement provided for misdemeanor treatment "if defendant completes any probationary period."

To analyze that agreement requires waiting for a probationary period to expire, or a judicial finding that the probation was revoked. At the time of the instant sentence, neither had yet to occur. Therefore the Class C felony finding was at best premature.

Appellant's Br. p. 8. In other words, he argues that because the probationary period terms had not yet been satisfied to

2.   Typically, we consider the state of mind and the reasonable interpretation of the police conduct by the defendant in determining whether an interrogation took place. In other words, we consider the subjective view of the defendant. Here, however, McClure testified that he did not make the statement in the first place, and therefore, there is no evidence in the record as to his subjective interpretation of Officer Bishop's conduct.

3.   We would be remiss if we did not point out that the best practice in a situation such as this one would be to advise the defendant of the *Miranda* warnings when he is initially placed in custody. If Officer Bishop had done so in this case, this issue would not be before us today.

know whether the felony conviction would have been reduced to a misdemeanor, it was improper for the trial court to rely upon the prior conviction as a felony conviction to enhance the instant offense to a C felony because the prior one may have been reduced to a misdemeanor.

The only relevant fact with respect to this issue is whether there was in fact a prior felony conviction in the last fifteen years. It is undisputed that the trial court in the prior case entered a conviction for a Class D felony. It did so without mention of the reduction to an A misdemeanor upon satisfaction of the probationary terms as recommended by the State in the plea agreement. The fact that the State made a sentencing recommendation in that case that included a reduction to a misdemeanor if the probationary terms were satisfied is irrelevant.[4] The bottom line is that McClure had a prior felony conviction at the time he committed the instant offense that was sufficient to support the enhancement to a Class C felony conviction in this case. The trial court properly enhanced the conviction to a Class C felony.

### Conclusion

The trial court properly denied McClure's motion to suppress a statement made by him to Officer Bishop even though he had not been advised of his *Miranda* rights. In addition, the trial court properly relied upon McClure's prior Class D felony conviction to enhance this conviction to a Class C felony. We affirm.

Affirmed.

BROOK, C.J., VAIDIK, J., concur.

---

**4.** To the extent McClure challenges the entry of a D felony in the prior case or argues that the trial court was bound by the plea agreement in that case, such issues are beyond the scope of our review here. A substantive attack on that conviction should be made through a post-conviction relief proceeding in that cause.