ATTORNEY FOR APPELLANT
Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 30 2010, 10:47 am
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 08S02-0906-CR-277

JULIE GARDINER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Carroll Circuit Court, No. 08C01-0603-FA-10
The Honorable Donald E. Currie, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 08A02-0810-CR-874

**April 30, 2010**

**Rucker, Justice.**

In this case of first impression we conclude that a conviction for a Class D felony on which judgment is later entered as a Class A misdemeanor does not prevent the trial court from modifying a sentence below the statutory minimum on grounds that the defendant has a prior unrelated felony conviction.

**Facts and Procedural History**

On February 10, 2005, the State charged Julie A. Gardiner in the Hamilton Superior Court with Count I possession of two or more chemical reagents or precursors with intent to manufacture a controlled substance, a Class D felony,[1] and Count II possession of more than ten (10) grams of chemical reagents or precursors, a Class D felony.[2] Appellant's App. at 32. After a series of continuances, on March 2, 2007, Gardiner pleaded guilty under terms of an agreement to the possession with intent to manufacture count. The trial court imposed a one-year sentence that was suspended to probation for a year. Apparently the agreement provided that if Gardiner successfully completed her probationary term, then the State would not object to a sentence modification.[3]

Meanwhile, on March 9, 2006, the State charged Gardiner in the Carroll Circuit Court with dealing in methamphetamine, as a Class A felony. After a jury trial Gardiner was found guilty as charged. At a July 23, 2007 sentencing hearing, the trial court sentenced Gardiner to thirty years imprisonment with ten years suspended to probation. The trial court noted that the sentence could not be suspended below the statutory minimum of twenty years because Gardiner had acquired a prior unrelated felony conviction.[4]

---

[1] Ind. Code § 35-48-4-14.5(e).

[2] Ind. Code § 35-48-4-14.5(b).

[3] We say "apparently" because the plea agreement is not included in the record before us. However, a CCS entry dated March 2, 2007, provides in relevant part, "Def. sentenced on Count I to: One (1) yr. in IDOC, suspended. Def. shall be placed on probation for one (1) yr . . . . Upon successful completion of probation, without violation, State would not object to a sentence modification." Appellant's App. at 35. Also, the State concedes this point. See Br. of Appellee at 3.

[4] Both the conviction and sentence were affirmed on appeal. See Gardiner v. State, No. 08A02-0708-CR-739 (Ind. Ct. App. April 3, 2008).

Thereafter on November 15, 2007, Gardiner filed in the Hamilton Superior Court a "Petition For Sentence Modification." The trial court granted the petition on February 8, 2008. Although neither the petition nor the trial court's order is included in the record before us, a CCS entry reads, "Defendant's Motion to Modify Sentence granted. Defendant discharged from probation. Conviction modified to Class A Misd." Appellant's App. at 36.

Armed with the Hamilton Superior Court order, Gardiner filed in the Carroll Circuit Court her "Petition For Sentence Modification" which declared, among other things, that Gardiner "is a good candidate for a sentence modification in that the defendant's prior felony conviction has been vacated and reduced to a class A misdemeanor." Appellant's App. at 20. Following a hearing, and noting Gardiner's conduct and accomplishments during incarceration, the trial court modified Gardiner's sentence from thirty years to twenty years.[5] However, the trial court declined to modify the sentence further, observing that at the time of the original sentence Gardiner had acquired a prior unrelated felony conviction. And, according to the trial court, although the prior conviction has been altered and "judgment has now been entered as a Class A misdemeanor" the court believed it was still bound by the restrictions and limitations applicable at the time of the original sentence. Appellant's App. at 98. The trial court also declared that if it "had further discretion, this Court would be inclined to modify the sentence herein by reducing the executed portion of Defendant's sentence." Id. Gardiner appealed, and noting this is a case of first impression, a divided panel of the Court of Appeals affirmed the trial court's judgment. Gardiner v. State, 903 N.E.2d 552, 554 (Ind. Ct. App. 2009). Having previously granted transfer we now remand this cause for further proceedings.

**Standard of Review**

Two standards govern our review. First, we review a trial court's decision to modify a sentence only for abuse of discretion. Myers v. State, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999) Second, we review de novo matters of statutory interpretation because they present pure questions of law. R.J.G. v. State, 902 N.E.2d 804, 805-06 (Ind. 2009).

---

[5] The trial court's Abstract of Judgment notes, "Outdate from Indiana Department of Correction is unchanged. Sentence modification only affects probation." Appellant's App. at 99.

3

**Discussion**

Indiana Code section 35-38-1-17 allows the trial court to "suspend a sentence for a felony . . . only if suspension is permitted under IC 35-50-2-2." In turn, Indiana Code section 35-50-2-2 provides that the trial court may suspend any part of a sentence for a felony, except as provided by statute. The statutory exception at issue in this case concerns a sentence suspension below the minimum term of years. In relevant part the statute provides, "the court may suspend only that part of the sentence that is in excess of the minimum sentence" where "[t]he crime committed was a Class A or Class B felony and the person *has* a prior unrelated felony conviction." Ind. Code § 35-50-2-2(b)(1) (emphasis added). The minimum sentence for a Class A felony is twenty years. See Ind. Code § 35-50-2-4 (West Supp. 2009). Thus, if Gardiner has a prior unrelated felony conviction then as a matter of clear statutory declaration her sentence for dealing in methamphetamine as a Class A felony cannot be suspended below twenty years. Therefore we examine what effect if any the Hamilton Superior Court order granting Gardiner's petition to modify had on the Carroll Circuit Court's discretion to suspend Gardiner's sentence below the statutory minimum.

Gardiner cites authority for the proposition that in the habitual offender context, once one of two underlying prior felony convictions has been vacated or otherwise set aside, a defendant's habitual offender status must be vacated or set aside as well. See, e.g., Coble v. State, 500 N.E.2d 1221, 1223 (Ind. 1986); Olinger v. State, 494 N.E.2d 310, 311 (Ind. 1986); State v. Jones, 819 N.E.2d 877, 881 (Ind. Ct. App. 2004), trans. denied. Gardiner argues the Class D felony conviction which served as a predicate for the nonsuspendability of her sentence for the Class A felony conviction has likewise been set aside and therefore she is now eligible for a further sentence reduction. The State does not challenge the habitual offender analogy but counters, "Defendant's conviction has not been set aside, but merely reduced." Br. of Appellee at 5.

We make two observations. First, our habitual offender jurisprudence provides little guidance on the issue before us. Indiana Code section 35-50-2-8(a) provides that a defendant may be sentenced as a habitual offender if she has accumulated two or more prior unrelated felony convictions. The statute goes on to note, however, that a prior conviction does not

4

support a habitual offender determination if it has been set aside or if it is one for which the defendant has been pardoned. Ind. Code § 35-50-2-8(d)(1)-(2). No such provision appears in the non-suspension statute, Indiana Code section 35-50-2-2 (b)(1). Second, although the parties agreed that the State would not object to a request for sentence modification, in point of fact there was no sentence to modify. Gardiner had been sentenced to a one-year term – six months more than the minimum sentence for a Class D felony, <u>see</u> Ind. Code § 35-50-2-7 – all of which was suspended to probation which Gardiner apparently completed with success. Consequently, as a practical matter what was before the Hamilton Superior Court was a request to modify Gardiner's conviction. The trial court apparently recognized this fact declaring "Conviction modified to Class A Misd[emeanor]." Appellant's App. at 36.

There are two statutory provisions under which a trial court may modify a conviction of a Class D felony to a conviction for a Class A misdemeanor: Indiana Code section 35-50-2-7(b), which provides in part, "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly;" and Indiana Code section 35-38-1-1.5, which provides in part, "A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions." In this case the trial court modified Gardiner's Class D felony conviction to a Class A misdemeanor conviction under provisions of a plea agreement. But regardless of the mechanism, the entry of judgment of conviction upon the misdemeanor offense constitutes a new and different judgment effectively vacating the prior judgment. As this Court has observed, the penal consequences of a guilty finding are triggered only by the entry of a judgment of conviction. <u>Carter v. State</u>, 750 N.E.2d 778, 780-81 (Ind. 2001) (distinguishing between a guilty verdict and a judgment of conviction). As noted earlier, the prohibition on a sentence suspension below the minimum is premised on a defendant having a prior unrelated felony conviction. More precisely, in statutory terms a sentence may not be suspended below the minimum sentence where "[t]he crime committed was a Class A or Class B felony and the person *has* a prior unrelated felony conviction." Ind. Code § 35-50-2-2(b)(1) (emphasis added). Under its plain terms the statute speaks in the present tense.

In the case before us, Gardiner had – past tense – a prior unrelated Class D felony conviction. However effective February 8, 2008, that conviction was vacated by the Hamilton Superior Court when it modified the D felony by entering judgment of conviction upon the Class A misdemeanor. As a consequence, by the time Gardiner filed her "Petition For Sentence Modification" in the Carroll Circuit Court her felony conviction was a matter of the past. We conclude that as a matter of statutory construction, for purposes of the non-suspension statute, Gardiner no longer has a prior unrelated felony conviction.

The trial court declined to suspend Gardiner's sentence below the statutory minimum of twenty years. On this narrow point we cannot say the trial court abused its discretion. To the extent however the trial court's decision was influenced by its assumption that it had no discretion to sentence otherwise, the trial court erred. We therefore remand this cause to the trial court for further consideration consistent with this opinion.

### Conclusion

This cause is remanded.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.