# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 20 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KEVIN MOSS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1307-CR-618 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael S. Jensen, Magistrate Judge
Cause No. 49G20-1302-FC-6734

**March 20, 2014**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

In this discretionary interlocutory appeal, Kevin Moss challenges the trial court's denial of his motion to dismiss. We reverse and remand.

## ISSUE

Moss raises one issue, which we restate as: whether the trial court erred in denying his motion to dismiss the enhancement to a class C felony of his charge of class A misdemeanor possession of a handgun without a license due to a prior felony conviction that was later modified to a misdemeanor.

## FACTS AND PROCEDURAL HISTORY

In July 2012, Moss and the State signed a formal plea agreement in Lower Cause Number 49F15-1112-FD-86565 ("FD-86565"). Moss agreed to plead guilty to theft as a class D felony. In return, he was ordered to serve a one-year sentence on home detention and to obey other conditions. The plea agreement also provided that Moss could petition for alternative misdemeanor sentencing ("AMS") "upon successful completion of probation without any violations." Appellant's App. p. 58. The formal agreement further permitted the trial court to enter a judgment of conviction that would permit "AMS upfront" or "AMS open to argument." *Id.* The parties did not select either of those options on the printed form.

Apparently, Moss successfully completed his term of home detention on January 20, 2013. On January 22, 2013, Marion County Community Corrections issued a discharge summary, asserting that he "completed all terms" of probation and was discharged "by operation of law." *Id.* at 59.

2

Subsequently, on January 29, 2013, Officer Larry Stargel of the Indianapolis Metropolitan Police Department stopped a car for changing lanes without signaling.[1] Moss was the driver. Stargel asked Moss to produce a driver's license, and Moss presented an Indiana identification card. He admitted to Stargel that his driver's license had been suspended.

Stargel arrested Moss and conducted an inventory search of his car. He found a handgun in the glove box. Moss admitted to Stargel that the gun belonged to him and that his handgun permit had been revoked.

On February 4, 2013, the State commenced this case by charging Moss with carrying a handgun without a license, a class A misdemeanor, Ind. Code § 35-47-2-1 (2012), and driving while suspended, a class A misdemeanor, Ind. Code § 9-24-19-2 (2012). The State also filed a "Part II" to the handgun charge, asserting that the offense was a class C felony due to Moss's felony theft conviction in FD-86565. Appellant's App. p. 19.

On April 4, 2013, Moss filed with the court in FD-86565 a motion for AMS. That court granted Moss's motion and entered a new judgment of conviction for theft as a class A misdemeanor.

Moss subsequently filed with the trial court in the instant case a motion to dismiss the felony enhancement to his handgun charge. He asserted that there was no basis for

---

[1] As is common in interlocutory appeals, the record is not well-developed. We draw upon the probable cause affidavit for the facts of Moss and Stargel's encounter. As discussed below, per our standard of review we take the facts as stated in the information to be true for purposes of this appeal.

the underlying felony enhancement because the predicate felony had been modified to a misdemeanor.

The court held a hearing on Moss's motion to dismiss and denied it, noting: "At the time of the alleged offense the defendant's prior conviction for theft was a felony. The fact that at some later time the conviction was 'Modified' to a Class A Misdemeanor pursuant to IC 35-50-2-7 is irrelevant." *Id.* at 14.

Moss sought interlocutory review. The trial court granted Moss's request to certify its order, and this Court's motions panel accepted this appeal.

DISCUSSION AND DECISION

A defendant may move to dismiss an indictment or information as a whole or in part. Ind. Code § 35-34-1-8 (1981). Grounds for dismissal are as follows:

> (1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.
> (2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.
> (3) The grand jury proceeding was defective.
> (4) The indictment or information does not state the offense with sufficient certainty.
> (5) The facts stated do not constitute an offense.
> (6) The defendant has immunity with respect to the offense charged.
> (7) The prosecution is barred by reason of a previous prosecution.
> (8) The prosecution is untimely brought.
> (9) The defendant has been denied the right to a speedy trial.
> (10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.
> (11) Any other ground that is a basis for dismissal as a matter of law.

Ind. Code § 35-34-1-4 (1983).

When a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct.

4

App. 2011), *trans. denied*. In general, we review a trial court's denial of a motion to dismiss for an abuse of discretion. *Id.* In this case, the parties do not dispute the facts and are presenting a question of law. We apply a de novo standard of review to questions of law. *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013).

Moss argues that the C felony enhancement must be dismissed because he no longer has an underlying predicate felony conviction in FD-86565. The State asserts that the dispositive question is whether Moss had a prior felony conviction on the day he is alleged to have committed the current crimes. Moss's prior felony theft conviction was still on his record on the day he was arrested, so the State concludes that the C felony enhancement need not be dismissed.

Indiana Code section 35-38-1-1.5 (2003) governs AMS. It provides, in relevant part:

> (a) A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three years if the person fulfills certain conditions. A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35–50–2–7, and the following conditions are met:
>
> > (1) The prosecuting attorney consents.
> >
> > (2) The person agrees to the conditions set by the court.
>
> (b) For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a).

(c) The court is not required to convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if, after a hearing, the court finds:

    (1) the person has violated a condition set by the court under subsection (a); or

    (2) the period that the conditions set by the court under subsection (a) are in effect expires before the person successfully completes each condition.

However, the court may not convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if the person commits a new offense before the conditions set by the court under subsection (a) expire.

(d) The court shall enter judgment of conviction as a Class A misdemeanor if the person fulfills the conditions set by the court under subsection (a).

We find guidance on this issue in *Gardiner v. State*, 928 N.E.2d 194 (Ind. 2010). In that case, Gardiner pleaded guilty to possession of methamphetamine precursors as a class D felony. The trial court sentenced her to one year, to be suspended and served on probation. The plea agreement provided that if she successfully completed probation, the State would not object to sentence modification.

In a later case, the State charged Gardiner with A felony dealing in methamphetamine. A jury convicted her, and at sentencing the court noted that her sentence could not be suspended below twenty years because she had a prior unrelated felony conviction. Gardiner went back to the prior court and requested a sentence modification. That court granted her petition and entered a new judgment of conviction as a class D felony.

Next, Gardiner requested sentencing modification for her A felony conviction, claiming that her sentence could be suspended below twenty years because her prior

felony conviction had been vacated. The court denied Gardiner's request, asserting that it believed it was bound by conditions present at the time of sentencing. The court further stated it would be willing to consider further suspending her sentence if it had the authority to do so.

Gardiner appealed, and our Supreme Court reversed. The Court noted that Gardiner had successfully served her sentence for the D felony conviction when she sought to modify that sentence; in essence, she was seeking to modify her felony conviction. The Court further stated, "The entry of judgment of conviction upon the misdemeanor offense constitutes a new and different judgment effectively vacating the prior judgment." *Id.* at 197. The penal consequences of a guilty finding are triggered only by the court's entry of a judgment of conviction. *Id.* (citing *Carter v. State*, 750 N.E.2d 778, 780-81 (Ind. 2001)). Furthermore, the statute prohibiting sentence modification below a certain minimum sentence if a defendant has a prior felony conviction "speaks in the present tense," and, after Gardiner's prior conviction was reduced to an A misdemeanor, she no longer had a prior felony conviction. *Id.* (citing Ind. Code § 35-50-2-2(b)(1)). For these reasons, the Court concluded Gardiner no longer had a prior felony conviction, and the trial court had discretion to suspend her sentence below twenty years.

This case has many parallels with *Gardiner*. Moss completed his term of probation without any violations.[2] Furthermore, Indiana Code section 35-47-2-23 (1997),

---

[2] The State contends that Moss violated the terms of probation by committing the offenses at issue here. However, Marion County Community Corrections issued its discharge report before Moss's arrest. The

7

the statute that permits the crime of A misdemeanor possession of a handgun without a license to be enhanced to a C felony, speaks in the present tense like the statute at issue in *Gardiner*. After the court in FD-86565 reduced Moss's D felony conviction to an A misdemeanor, he, like Gardiner, no longer had a prior felony conviction.

Furthermore, a plea agreement is a contract between the State and a defendant. *Wright v. State*, 700 N.E.2d 1153, 1155 (Ind. Ct. App. 1998). Both the State and the defendant bargain for and receive substantial benefits from the agreement. *Id.* Promises which induce guilty pleas must be fulfilled in order to satisfy the voluntariness of the guilty plea standard. *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013).

In FD-86565, the State agreed that Moss's class D felony conviction could be modified to a class A misdemeanor if he complied with the terms and conditions of probation, and subsequently filed a petition for modification with the court. The State did not reserve the right to challenge Moss's petition for AMS. It is undisputed that Moss complied with the terms and conditions of probation during his period of home detention, and the court granted his petition for AMS. To allow the State to continue to use the prior felony conviction in FD-86565 against him here would deprive him of the benefit for which he bargained and which the State accepted.

The State, citing *McClure v. State*, 803 N.E.2d 210 (Ind. Ct. App. 2004), *trans. denied*, argues that the enhancement need not be dismissed because Moss did have a D

---

report asserts that he "completed all terms" of probation and was discharged "by operation of law." Appellant's App. p. 59. A court operates through its records, and the State does not point to any evidence that Moss committed violations prior to the issuance of the report.

8

felony conviction on his record at the time he was arrested. We find the State's argument is misplaced.

In *McClure*, a jury convicted the defendant of class C felony possession of a handgun without a license. McClure had previously been convicted of class D felony possession of marijuana. His plea agreement in the marijuana case provided that if he completed probation, the conviction would be modified to a class A misdemeanor. However, the record does not reflect that McClure successfully completed probation, and he never demonstrated that the underlying class D felony conviction had been modified to a class A misdemeanor. A panel of this Court concluded, "The only relevant fact with respect to this issue is whether there was in fact a prior felony conviction in the last fifteen years." *Id.* at 215. The enhancement was appropriate because he still had a prior felony conviction.

Thus, we find that the *McClure* case is distinguishable from Moss's case. The evidence revealed that Moss completed his term of probation without any violations and that he successfully obtained AMS modification in FD-86565. As in *Gardiner*, Moss's prior class D felony conviction no longer exists and has effectively been vacated, unlike in McClure's case where modification did not occur.

Moss has carried his burden of proving error, and the C felony enhancement must be dismissed for want of a predicate felony conviction.

9

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand with instructions to grant Moss's motion to dismiss the C felony enhancement to his charge of possession of a handgun without a license.

Reversed and remanded with instructions.

BAKER, J., and FRIEDLANDER, J., concur.