

IN THE

# Court of Appeals of Indiana

Aaron Dashawn Brackenridge,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

May 29 2024, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 29, 2024

Court of Appeals Case No.
23A-CR-2496

Appeal from the Boone Superior Court

The Honorable Bruce E. Petit, Judge

Trial Court Cause No.
06D02-2304-F4-683

---

**Opinion by Judge Bailey**
Judges Crone and Pyle concur.

**Bailey, Judge.**

# Case Summary

In this interlocutory appeal, Aaron Brackenridge challenges the trial court's denial of his motion to dismiss the charge of unlawful possession of a firearm by a serious violent felon, a Level 4 felony,[1] and raises the sole issue of whether the trial court erred in its ruling. Because the felony on which the charge was based had been converted to a misdemeanor, we reverse.

# Facts and Procedural History

On December 6, 2010, Brackenridge was convicted of criminal confinement as a Class D felony[2] and sentenced accordingly. In March 2016, Brackenridge filed a request with the sentencing court that his Class D felony be converted to a Class A misdemeanor pursuant to Indiana's Alternative Misdemeanor Sentencing ("AMS") Statute. Ind. Code § 35-50-2-7(d) (2016). The sentencing court granted that request and entered an amended judgment that "reduced the conviction from a Class D felony to a Class A Misdemeanor." Appealed Order at 2.

---

[1] Ind. Code § 35-47-4-5.

[2] I.C. § 35-42-3-3 (2010).

[3] On March 31, 2023, law enforcement stopped Brackenridge's vehicle for speeding. The officer detected the odor of marijuana coming from the vehicle, and Brackenridge admitted to smoking marijuana and having a gun in his vehicle. The officer then checked the law enforcement database and discovered that Brackenridge had "a felony conviction from 2010." Appellee's Br. at 6. The officer's subsequent search of the vehicle revealed a loaded handgun in the center console.

[4] The State charged Brackenridge with unlawful possession of a firearm by a serious violent felon, a Level 4 felony. Brackenridge moved to dismiss the charge pursuant to Indiana Code Section 35-34-1-4(a)(5), under which an indictment may be dismissed if the facts stated do not constitute an offense. Specifically, he asserted that the 2010 Class D felony conviction had since been converted to a Class A misdemeanor conviction; therefore, he did not meet the definition of a serious violent felon who may not possess a firearm. The trial court denied the motion, and this interlocutory appeal ensued.[3]

## Discussion and Decision

[5] Generally, we review a trial court's denial of a motion to dismiss a charge for an abuse of discretion. *Moss v. State*, 6 N.E.3d 958, 960 (Ind. Ct. App. 2016), *trans. denied*. However, we apply a de novo standard of review to questions of

---

[3] Brackenridge filed a petition to certify the order for interlocutory appeal, and the trial court granted it. This court subsequently accepted jurisdiction of the interlocutory appeal.

law. *Id*. Here, the parties do not dispute the facts; rather, they raise the sole legal question of the proper interpretation of the statute making it a crime for a serious violent felon to possess a firearm, Indiana Code Section 35-47-4-5 (hereinafter, "SVF statute"). Brackenridge asserts the SVF statute only applies to those who have been "convicted" of a listed "felony," and, at the time he was charged with violating the SVF statute, his prior Class D felony conviction had been converted to a Class A misdemeanor conviction. Therefore, he asserts, he does not meet the definition of a "serious violent felon" as used in the SVF statute. The State contends—and the trial court agreed—that anyone who has had a conviction for one of the listed SVF felonies is a serious violent felon regardless of whether the conviction was subsequently converted to a misdemeanor pursuant to the AMS statute.

[6] This case requires an interpretation of both the SVF statute and the AMS statute. The relevant portions of the SVF statute state:

> (a) As used in this section, "serious violent felon" means a person who has been convicted of committing a serious violent felony.
>
> (b) As used in this section, "serious violent felony" means:
>
> * * *
>
> (10) criminal confinement (IC 35-42-3-3);
>
> * * *

(c) A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Level 4 felony.

I.C. § 35-47-4-5.

[7] The AMS statute states, in relevant part:

(d) … the sentencing court may convert a Class D felony conviction … or a Level 6 felony conviction … to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (e) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:

(1) The person is not a sex or violent offender (as defined in IC 11-8-8-5).

(2) The person was not convicted of a Class D felony … or a Level 6 felony … that resulted in bodily injury to another person.

(3) The person has not been convicted of perjury … or official misconduct ….

(4) The person has not been convicted of domestic battery as a Class D felony … or a Level 6 felony … under IC 35-42-2-1.3 in the fifteen (15) year period immediately preceding the commission of the current offense.

(5) At least three (3) years have passed since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(6) The person has not been convicted of a felony since the person:

(A) completed the person's sentence; and

(B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(7) No criminal charges are pending against the person.

I.C. § 35-50-2-7(d).

[8]     The primary rule of statutory construction is to ascertain and give effect to the intent of the drafters. *E.g.*, *Broad Ripple Prop. Grp., LLC v. City of Indianapolis*, 87 N.E.3d 1112, 1116 (Ind. Ct. App. 2017). "The best evidence of that intent is the language of the [statute], and all words must be given their plain and ordinary meaning unless otherwise indicated by the [statute]." *Id.* When interpreting more than one statute, we

> recognize[] a strong presumption that when the legislature enacted a particular piece of legislation, it was aware of existing statutes relating to the same subject. We attempt to harmonize two conflicting statutes. So long as two statutes can be read in harmony with one another, we presume that the Legislature

intended for them both to have effect. The standard of statutory construction requiring harmonization must be applied unless a later act is so repugnant to an earlier one as to render them irreconcilable.

*Wagler v. West Boggs Sewer Dist., Inc.*, 898 N.E.2d 815, 818 (Ind. 2008) (quotations and citations omitted). In addition, we "may not engraft new words onto a statute or add restrictions where none exist." *Kitchell v. Franklin*, 997 N.E.2d 1020, 1026 (Ind. 2013). And we must keep in mind "the rule of lenity … that requires us to construe a penal statute strictly against the State while resolving any ambiguities in favor of the defendant." *Fix v. State*, 186 N.E.3d 1134, 1139 (Ind. 2022).

[9] The plain language of the SVF statute provides that it only applies to *convictions* for one of the listed *felonies*.[4] And the AMS statute plainly states that a sentencing court may reduce a Class D felony conviction to a Class A misdemeanor conviction if it finds certain criteria are met. In addition, our Supreme Court has considered the legislative history around the AMS statute and concluded that the policy behind the statute is to "reward good behavior by removing the stigma of certain Class D felony convictions." *State v. Smith*, 71 N.E.3d 368, 370-71 (Ind. 2017) (quotation marks and citation omitted). In conformity with that purpose, the Supreme Court has concluded that "[t]he

---

[4] There is no reason why we should distort the plain meaning of the word "felony" to mean its opposite— i.e., a misdemeanor—as the State suggests. Every crime listed in the SVF statute can be a felony; none of them are solely misdemeanor crimes. I.C. § 35-47-4-5.

entry of judgment of conviction upon the misdemeanor offense [pursuant to Indiana Code Section 35-50-2-7(d)] constitutes a new and different judgment effectively *vacating the prior judgment*." *Gardiner v. State*, 928 N.E.2d 194, 197 (Ind. 2010) (emphasis added); *see also Moss*, 6 N.E.3d at 962 (concluding an enhancement based on a prior felony should have been dismissed where the prior felony had been reduced to a Class A misdemeanor pursuant to the AMS statute).

[10] Interpreting the AMS statute as being applicable to felonies listed in the SVF statute harmonizes the statutes so that they both have meaning. And we note that the SVF statute was enacted in 2003. At that time, the AMS statute was already in existence, having been enacted in 1999. Thus, we must presume that the legislature was aware of the possibility that a felony listed in the SVF statute could be converted to a misdemeanor pursuant to the AMS statute. *See Wagler*, 898 N.E.2d at 818. And we take notice of the fact that the legislature did not state that the AMS statute was inapplicable to the felonies listed in the SVF statute.

[11] Nevertheless, the State asserts that the purpose of the SVF statute is to keep demonstrably dangerous people from possessing firearms, and a conversion of an SVF felony to a misdemeanor does not change the fact that the defendant committed a dangerous crime, i.e., a serious violent felony, and therefore, still "pose[s] a danger to the public if [he] possesses a firearm." Appellee's Br. at 12. Although the plain language of the statute provides that a court may "convert" the felony to a misdemeanor, the State asks us to hold that the conversion has

no effect when the felony is one listed in the SVF statute. Thus, the State essentially contends that we should interpret the AMS and/or SVF statutes as containing an exception to the rule allowing conversion.

[12]     The State's argument fails for several reasons. First and foremost, it distorts the plain language of the statutes, as discussed above. Second, it would require us to add language to the AMS and/or SVF statutes, when the legislature chose not to do so; but we "may not engraft new words onto a statute or add restrictions where none exist." *Kitchell*, 997 N.E.2d at 1026. Third, it conflicts with the purpose of the AMS statute to reward good behavior by removing the stigma of certain Class D felony convictions.[5] *See Smith*, 71 N.E.3d at 370. Fourth, it ignores the rule of lenity which requires that we construe a penal statute strictly against the State. *See Fix*, 186 N.E.3d at 1139.

[13]     And finally, the State's proffered interpretation of the statutes ignores the process clearly provided in the AMS statute for determining whether a classification reduction should be granted. Pursuant to Indiana Code Section 35-50-2-7(d), in order to reduce the felony to a misdemeanor, the sentencing court must find, among other things, that the defendant was not a "sex or

---

[5] The State contends that, unlike the statutes at issue in *Gardiner* and *Moss*, the SVF statute relates to a person who "has been convicted" of a felony (as opposed to a person who "has" a felony conviction); therefore, the State reasons, the SVF statute applies even to former felony convictions that have been converted to misdemeanors under the AMS statute. However, if our legislature had meant to make the felonies listed in the SVF statute ineligible for reduction under the AMS statute of which they were aware, they could have done so. They did not, and the State's position would have us add language to the SVF statute that does not exist. Moreover, the State's proffered interpretation would cause the SVF statute to conflict with the plain language and purpose of the AMS statute, which grants an opportunity to have good behavior rewarded through a reduction of the classification for a non-violent Class D felony to a conviction of a misdemeanor.

violent offender" as defined in Indiana Code Section 11-8-8-5,[6] that he was not convicted of a felony that "resulted in bodily injury to another person," and that at least three years had passed—without additional criminal charges—since he completed his sentence for the Class D felony. Thus, the AMS statute itself disallows a reduction in classification if the underlying felony was a violent one, and there is no reason to contort the language of the SVF statute—which we may not do anyway—to achieve that same result.

[14] Here, Brackenridge's sentencing court necessarily determined that he met the criteria—including being a non-violent offender—for judgment of conviction to be entered as a class A misdemeanor rather than a D felony. *See* I.C. § 35-50-2-7(d)(1-7). Therefore, it "vacated" Brackenridge's former criminal confinement felony that qualified him as a serious violent felon when it converted that felony conviction to a misdemeanor conviction in 2016. *See Gardiner*, 928 N.E.2d at 197. Thus, when Brackenridge subsequently was stopped by the police in 2023, he only had a misdemeanor conviction,[7] not a felony conviction, and the SVF statute did not apply to him. Given these facts, the trial court should have granted his motion to dismiss the charge brought under the SVF statute.

---

[6] That statute defines a sex or violent offender as including a person convicted of criminal confinement "if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian." I.C. § 11-8-8-5(a)(12). By granting the classification reduction, Brackenridge's sentencing court necessarily determined that his criminal confinement conviction did not include the circumstances listed in that statute.

[7] It is unclear why the law enforcement data base still showed Brackenridge had a felony conviction when he was stopped for speeding in 2023. Regardless, it is undisputed that the felony conviction had been converted to a misdemeanor conviction by that time.

# Conclusion

At the time the State charged Brackenridge with being a serious violent felon in unlawful possession of a firearm, Brackenridge was not a felon because his Class D felony conviction had been vacated and replaced with a Class A misdemeanor conviction pursuant to the AMS statute. Therefore, the trial court erred when it denied Brackenridge's motion to dismiss the charge brought under the SVF statute.

We reverse.

Crone, J., and Pyle, J., concur.

ATTORNEY FOR APPELLANT

Riley L. Parr
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Jodi K. Stein
Deputy Attorney General
Indianapolis, Indiana