## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 10 2017, 10:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Andres Lara-Sangines
Correctional Industrial Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andres Lara-Sangines,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

April 10, 2017

Court of Appeals Case No.
55A05-1612-CR-2935

Appeal from the Morgan Superior Court

The Honorable Christopher L. Burnham, Judge

Trial Court Cause No.
55D02-1005-FA-126

**Crone, Judge.**

[1] On November 18, 2010, Andres Lara-Sangines was convicted of class A felony dealing in cocaine and was sentenced to twenty-years' imprisonment. In November 2016, Lara-Sangines filed a pro se motion for sentence modification, which the trial court denied. He now appeals that denial. We affirm.

[2] We review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court misinterprets the law. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[3] Here, Lara-Sangines filed his motion for sentence modification requesting consideration for "Home Detention, Work Release, or Daily Reporting[.]" Appellant's App. Vol. 2 at 9. The trial court entered its order denying the motion. Lara-Sangines asserts that the trial court erred "when it denied [his] motion solely on the lack of Prosecutorial approval." Appellant's Br. at 6.[1] However, as noted by the State, nowhere in the trial court's order does the trial court indicate that it denied the motion based upon the alleged lack of prosecutorial approval or consent to a modification of placement. Rather, after

---

[1] Lara-Sangines references Indiana Code Section 35-38-1-17 which addresses sentence modification. Prior to July 1, 2014, the statute provided that a trial court lost jurisdiction to modify a defendant's sentence after 365 days unless the prosecuting attorney consented to the modification. The statute was revised to eliminate the necessity of prosecutorial consent, and our legislature has expressly provided for retroactivity by stating that the statute applies to a person who "(1) commits an offense; or is sentenced; before July 1, 2014." Ind. Code § 35-38-1-17(a).

reviewing the request, the trial court denied the motion on the merits. Lara-Sangines has demonstrated no abuse of discretion.

[4] Affirmed.

Baker, J., and Barnes, J., concur.