## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 03 2020, 8:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Nathan Hummel<br>Westville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Sierra A. Murray<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan Hummel,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 3, 2020<br><br>Court of Appeals Case No.<br>20A-CR-1316<br><br>Appeal from the Starke Circuit Court<br><br>The Honorable Kim Hall, Judge<br><br>Trial Court Cause No.<br>75C01-1112-FA-15 |

**Weissmann, Judge.**

Nathan Hummel claims a deal is a deal. He asks this Court to enforce the trial court's alleged promise to modify his sentence if he completed a drug recovery program. He also claims the State agreed to a modification. Finding the trial court never promised a specific outcome and the State never agreed to it, we affirm the trial court's refusal to modify Hummel's sentence.

## Facts

In 2012, Hummel and the State negotiated a plea agreement under which Hummel pleaded guilty to Dealing in a Narcotic Drug, Robbery, and Aiding, Inducing or Causing Robbery—all Class B felonies—and to Disarming an Officer, a Class C felony. The trial court sentenced Hummel to 25 years in the Indiana Department of Correction, as specified in the plea agreement.

Seven years later, Hummel requested the trial court modify his sentence by recommending his placement in IDOC's Recovery While Incarcerated (RWI) program. The State did not object, and the trial court granted Hummel's request. After Hummel completed the program, he filed a petition to modify his sentence, which could not be changed without the State's permission.

In that petition, Hummel alleged the State, by agreeing to modify Hummel's sentence to include the RWI recommendation, had consented implicitly to a further modification after Hummel's successful completion of the program. Appellant's App. Vol. II p. 22. The State disagreed, contending its consent to allow Hummel to attend RWI did not constitute agreement to reduce his sentence once he completed the program. *Id.* at 24. The court could not modify

Hummel's sentence without the State's consent, and thus the court denied the petition for modification. *Id.* at 25.

[5] Hummel filed a motion to correct error, claiming the court promised to modify Hummel's sentence after his successful completion of RWI. *Id.* at 26. According to Hummel, the State agreed at the RWI modification hearing that it would not object to a post-RWI modification. *Id.* at 26. The trial court denied the motion to correct error, finding Hummel's assertions to be inaccurate. *Id.* at 26. Instead, the trial court reiterated that it promised only to consider a sentence modification, not to grant one. *Id.* at 27. Moreover, the State never agreed to a modification, which was a prerequisite to the court granting one. Finding no error in the court's decision, we affirm.

## Discussion and Decision

[6] Hummel's chief complaint on appeal is that both the State and the trial court reneged on their promises of a sentencing modification after his completion of RWI. A trial court's decision regarding a sentencing modification is reviewed for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). The trial court commits an abuse of discretion when it misinterprets the law or its decision is clearly against the logic and effect of the facts and circumstances. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

[7] No abuse of discretion occurred here. As for any notion that the prosecutor and trial court reneged on promises to Hummel, Hummel misinterprets the Record. The transcript of the hearing on Hummel's request for RWI placement

shows only that the State did not object to modifying Hummel's sentence to include a recommendation for RWI.  Tr. Vol. II p. 4.  The prosecutor made no further promises. Nor did the trial court, which merely commented:

> And then, so, I'm making sure the Prosecutor understands my understanding of this modification.
>
> If I grant this request then we will change the sentencing order and that will be sent off to the DOC, specifically, Westville, and presumably, although it's not an order, I don't have the authority to order them to place Mr. Hummel in any certain program within the walls of the DOC, but one would assume that they will, and that whenever, assuming that he does successfully complete the program, what a judge is saying to a defendant is that the court will consider a modification after the successful completion of . . . Recovery While Incarcerated . . . [W]e'll make these changes, send it off to them(,) and they'll probably put Mr. Hummel into one of their programs and Mr. Hummel will probably successfully complete that, at some point, and then the Court definitely will consider a modification, at that time, and for what it's worth, the Court will probably modify his sentence, because we usually do, after completion of the substance abuse treatment program, inside the DOC . . .
>
> And I'm again making the record clear that this was an original prosecution that was resolved by a plea agreement which is right here in black and white but the State has agreed today with the Defendant to give the Court the authority to accept their agreement and have (RWI) put into the sentencing order.

Tr. Vol. II pp. 5-6.

[8]     Contrary to Hummel's assertions, the trial court made no promises for a future reduction in sentence.  The trial court merely suggested the strong possibility of a sentencing modification if Hummel were to complete RWI successfully.  The

State never agreed to a post-RWI sentencing modification. It merely consented to modifying Hummel's sentence to include the recommendation for RWI. Hummel received what he was promised: an opportunity to participate in RWI.

[9] The court was without authority to modify Hummel's sentence without the State's consent because, among other things, Hummel was sentenced under the terms of a plea agreement. The trial court did not abuse its discretion when it denied Hummel's request for a sentence modification that the court was without authority to grant.

[10] As no promises for a sentencing reduction after Hummel's completion of RWI were made, none were broken. Hummel received the deal he bargained for— just not the deal he desired.

[11] We affirm the judgment of the trial court.

Mathias, J., and Altice, J., concur.